# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAND DOLLAR PARTNERS, L.L.C., | CASE NO. 12CV2969-MMA (RBB) |
| Plaintiff, | **NOTICE OF TENTATIVE RULINGS** |
| vs. | [Doc. Nos. 36, 37] |
| ISLET SCIENCES, INC., et al., | |
| Defendants. | |

Defendants Michael Kinkelaar, Procopio, Cory, Hargreaves, and Savitch, L.L.P., Islet Sciences, Inc. ("Islet"), John Steel, and Jonathan Lakey move to dismiss Plaintiff Sand Dollar Partners, L.L.C.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. Nos. 36, 37.] The pending motions are set for hearing on April 15, 2013. Having considered the submissions of the parties, and in anticipation of the hearing, the Court hereby tentatively rules as follows.

**A.  Defendants Islet, Steel, and Lakey's Motion to Dismiss [Doc. No. 37]**

**1.  Motion to Dismiss Breach of Contract Claim**

The Court tentatively finds that Plaintiff adequately pleads a claim for breach of contract. Plaintiff alleges that: (1) Defendant Islet entered into a <u>valid and enforceable contract</u> with Plaintiff by executing a Promissory Note, dated May 17, 2010; (2) Plaintiff <u>performed its obligations</u> under the Note by providing direct funding of $357,000.00 to Islet and expending more than $180,000.00 in identifying and purchasing shell corporations for the benefit of Islet ; (3) Islet

breached its contract with Plaintiff by refusing to honor Plaintiff's designation of board member, and refusing to provide Plaintiff with 25 percent of Islet's fully diluted Common shares; and (4) Plaintiff has been damaged in an amount to be proven at trial. [Second Amended Complaint ¶¶ 197-202.]

The Court tentatively finds that Defendant Islet's arguments in favor of dismissal speak to whether Plaintiff can ultimately prove its breach of contract claim, rather than whether it has adequately pled it. Additionally, the Court tentatively finds it inappropriate to consider Dan Ford's e-mail correspondence at this time. Plaintiff's complaint does not refer to, allude, or quote the subject e-mail; thus, the incorporation by reference doctrine does not apply. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998), (superseded by statute on other grounds in *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

Thus, the Court tentatively **DENIES** Defendant Islet's motion to dismiss Plaintiff's breach of contract claim.

### 2. Motion to Dismiss Common Law Fraud Claim

The Court tentatively finds that Plaintiff adequately pleads a claim for common law fraud. Proximate causation is satisfied as, without the purported misrepresentations, Plaintiff would not have signed the agreement. Additionally, the Court finds Plaintiff's allegation that it reasonably relied on Defendants' misrepresentations sufficient at this stage. "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995). Finally, with respect to Defendant Lakey, the Court tentatively finds that Plaintiff's complaint includes sufficient allegations of his participation in the alleged misrepresentations such that the claim against him should not be dismissed.

Thus, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's common law fraud claim.

### 3. Motion to Dismiss Negligent Misrepresentation Claim

The Court tentatively finds that, in light of the tentative findings on Plaintiff's fraud claim, Plaintiff also successfully pleads a cause of action for negligent misrepresentation. The economic

loss rule does not apply where conduct resulting in the formation and breach of a contract also violates an independent duty of tort law. On this basis, courts decline to apply the economic loss rule in cases where a misrepresentation *induces* a party to enter a contract. *Robinson Helicopter Co.*, 34 Cal. 4th at 991; *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999); *Scott v. ZST Digital Networks, Inc.*, 2012 U.S. Dist. LEXIS 19392, at *5 (N.D. Cal. Dec. 4, 2006). Here, Plaintiff alleges that Defendants made a series of material misrepresentations with the purpose of inducing Plaintiff to invest in the company. The economic loss rule does not apply.

Accordingly, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's negligent misrepresentation claim.

### 4. Motion to Dismiss Aiding/Abetting Breach of Fiduciary Duty Claim

The Court tentatively finds that Plaintiff adequately pleads a cause of action for aiding and abetting breach of fiduciary duty. Plaintiff's complaint contains sufficient allegations of acts or omissions showing that the remaining Defendants provided <u>substantial assistance</u> to Defendants Kinkelaar and Procopio in their direct breach of fiduciary duty. Furthermore, Plaintiff alleges that each Defendant, as an agent of Islet, <u>knew</u> that Defendants Kinkelaar and Procopio owed fiduciary duties and obligations to Plaintiff. Even more, Plaintiff alleges that all of the Defendants acted together to exploit the fiduciary relationship between Plaintiff and Defendant Kinkelaar.

Thus, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's aiding and abetting breach of fiduciary duty claim.

### 5. Motion to Dismiss Securities Fraud Claim

The Court tentatively finds that Plaintiff adequately pleads a cause of action for securities fraud. The Court is not empowered at this stage to consider whether Plaintiff exercised reasonable diligence to discover the truth or falsity of Defendants' purported misrepresentations. Further, Defendants' argument that Plaintiff failed to allege any misrepresentation "in connection with" the purchase of a security is unpersuasive. Plaintiff's claim relates to all of the securities it contracted for, not merely those it failed to ultimately acquire.

Accordingly, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's securities fraud claim.

**6. Motion to Dismiss Unfair Business Practices Claim**

The Court tentatively finds that Plaintiff's UCL claim should be dismissed because a UCL claim cannot be based on a security transaction. *Bowen v. Ziasun Technologies, Inc.*, 116 Cal. App. 4th 777 (Cal. Ct. App. 2004); *Betz v. Trainer Wortham & Co.*, 829 F. Supp. 2d 860 (N.D. Cal. 2011).

With respect to Plaintiff's claim that "the mismanagement of investment funds–including the improper $50,000 personal loan to Defendant Steel–is not part and parcel of any securities transaction[,]" the Court finds nonetheless that Plaintiff has not alleged an "injury in fact," or that it "lost money or property as a result of such unfair competition." *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008). The Court also finds that while the Note gives Plaintiff the right to nominate a board member, this right is inextricably tied to the underlying securities transaction.

Thus, the Court tentatively **GRANTS** Defendants' motion to dismiss Plaintiff's unfair business practices claim.

**7. Motion to Dismiss Unjust Enrichment Claim**

The Court tentatively finds that Plaintiff fails to state a claim for unjust enrichment. In California, "[u]njust enrichment is synonymous with restitution[,]" and "under the law of restitution, an individual is required to make restitution if he or she is unjustly enriched." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (Cal. Ct. App. 2010). The Court finds that Plaintiff fails to allege that Defendants unjustly received a benefit. Instead Plaintiff gave Defendant Islet $357,000 and received a proportional share of stock in return. The remaining $170,000 Plaintiff paid to investigate and purchase shell corporations was not a benefit conferred to Defendants, as Defendants *rejected* these benefits and it appears that Plaintiff still owns the shell corporations. Thus, Plaintiff fails to allege that Defendants have been unjustly enriched. Additionally, Plaintiff's claim is barred because "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). Here, Plaintiff alleges and seeks to prove that it has an enforceable agreement in place that defines the rights of the parties. While Plaintiff is entitled to plead causes of action in the alternative, it did

not do so here.

Thus, the Court tentatively **GRANTS** Defendants' motion to dismiss Plaintiff's unjust enrichment claim.

**B.     Defendants Kinkelaar and Procopio's Motion to Dismiss [Doc. No. 36]**

**1.     Motion to Dismiss Breach of Fiduciary Duty Claim**

The Court tentatively finds that Plaintiff sufficiently pleads a cause of action for breach of fiduciary duty. The Court finds that, whether under Delaware or California law, Defendant Kinkelaar, as sole incorporator of Defendant Islet, owed fiduciary duties to Plaintiff. The legislative committee comment to California Corporations Code § 210 provides: "the incorporators manage corporate affairs until such time as directors are elected." Cal. Corp. Code § 210, Legislative Committee Comments - Assembly (1975). With respect to Defendants' argument that "[m]ere titles, however, are not adequate indicators of control person authority," the Court tentatively finds that, under the California Corporations code quoted above, a sole incorporator prior to election of a Board of Directors statutorily exercises control over the corporation.

Thus, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim.

**2.     Motion to Dismiss Securities Fraud Claim**

The Court tentatively finds that Plaintiff adequately pleads a claim of securities fraud against Defendant Kinkelaar. Plaintiff alleges various incidents of fraud and deception which occurred between Islet's date of incorporation (May 4, 2010) and the date the parties signed the Note (May 17, 2010). Kinkelaar allegedly controlled Defendant Islet during this time. Additionally, the Court finds no case that supports Kinkelaar's position that because "the foundation for the allegations being made against Defendants had clearly been laid *before* Kinkelaar assumed the alleged mantle of control . . . over [Defendant Islet]" that Plaintiff cannot state a viable cause of action for securities fraud against him.

Thus, the Court tentatively **DENIES** Defendants' motion to dismiss Plaintiff's claim for securities fraud.

/ / /

### 3. Motion to Dismiss Unfair Business Practices Claim

As described previously, the Court tentatively dismisses Plaintiff's unfair business practices claim.

#### CONCLUSION

Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument during the April 15 hearing.

**IT IS SO ORDERED**.

DATED: April 12, 2013

Hon. Michael M. Anello
United States District Judge