1  Douglas M. Butz, Esq. (SBN 060722)
2  Joy L. Shedlosky, Esq. (SBN 260048)
   BUTZ DUNN & DESANTIS
   A PROFESSIONAL CORPORATION
3  Attorneys At Law
   101 West Broadway, Suite 1700
4  San Diego, California 92101-8289
   (619) 233-4777 / Facsimile (619) 231-0341
5
6  Attorneys for Defendants Procopio, Cory, Hargreaves & Savitch LLP and
   Michael J. Kinkelaar

7

8

9               **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11  Sand Dollar Partners, L.L.C., an        )  CASE NO. 3:12-CV-02969 MMA
    Arizona limited liability company,      )  (RRB)
12                                          )
         Plaintiff,                         )  **ANSWER OF DEFENDANTS**
13                                          )  **MICHAEL J. KINKELAAR**
                                            )  **AND PROCOPIO, CORY,**
14  vs.                                     )  **HARGREAVES & SAVITCH,**
                                            )  **LLP TO PLAINTIFF'S**
15  Islet Sciences, Inc., a Delaware        )  **SECOND AMENDED**
    corporation; John Steel, an individual;)  **COMPLAINT**
16  Dan Rhodes, an individual; Jonathan     )
    Lakey an individual; Procopio, Cory,    )  **DEMAND FOR JURY TRIAL**
    Hargreaves, and Savitch, L.L.P., a      )
17  California limited liability partnership;)
    Michael J. Kinkelaar an individual;     )
18  Does 1-10, fictitious individuals; ABC  )
    Business Entities 1-10, fictitious      )
19  business entities,                      )
                                            )
20       Defendants.                        )
                                            )
21  _____)

22

23       Defendants Michael J. Kinkelaar and Procopio, Cory, Hargreaves & Savitch,

24  LLP (hereinafter "Defendants") hereby answer Plaintiff's Second Amended

25  Complaint (hereinafter "SAC") on file herein by admitting, denying, and alleging as

26  follows:

27  ///

28  ///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

**PARTIES**

1.    In response to the allegations of paragraph 1 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

2.    In response to the allegations of paragraph 2 of the SAC, Defendants admit the allegations contained therein.

3.    In response to the allegations of paragraph 3 of the SAC, Defendants admit the allegations contained therein.

4.    In response to the allegations of paragraph 4 of the SAC, Defendants admit that, at various times, Defendant Steel is or was an officer, director and/or shareholder of Defendant Islet Sciences. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 4 and on that basis deny the allegations therein.

5.    In response to the allegations of paragraph 5 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

6.    In response to the allegations of paragraph 6 of the SAC, Defendants admit that, at some point in time, Dan Rhodes may have been a shareholder of Defendant Islet Sciences. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 6 and on that basis deny the allegations therein.

7.    In response to the allegations of paragraph 7 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

8.    In response to the allegations of paragraph 8 of the SAC, Defendants admit that, at some point in time, Jonathan Lakey may have been a shareholder of Defendant Islet Sciences. Except as expressly admitted herein, Defendants lack

information or belief sufficient to enable them to answer the allegations in paragraph 8 and on that basis deny the allegations therein.

9.    In response to the allegations of paragraph 9 of the SAC, Defendants admit the allegations contained therein.

10.    In response to the allegations of paragraph 10 of the SAC, Defendants admit the allegations contained therein.

11.    In response to the allegations of paragraph 11 of the SAC, Defendants admit the allegations contained therein.

12.    In response to the allegations of paragraph 12 of the SAC, Defendants admit the allegations contained therein.

13.    In response to the allegations of paragraph 13 of the SAC, Defendants generally and specifically deny the allegations contained therein.

14.    In response to the allegations of paragraph 14 of the SAC, Defendants generally and specifically deny the allegations contained therein.

15.    In response to the allegations of paragraph 15 of the SAC, Defendants generally and specifically deny the allegations contained therein.

16.    In response to the allegations of paragraph 16 of the SAC, Defendants generally and specifically deny the allegations contained therein.

17.    In response to the allegations of paragraph 17 of the SAC, Defendants generally and specifically deny that Defendants Steel, Rhodes and Lakey were acting as agents of Islet Sciences under the management, direction and control of Defendant Kinkelaar. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 17 and on that basis deny the allegations therein.

18.    In response to the allegations of paragraph 18 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Butz Dunn DeSantis
A PROFESSIONAL CORPORATION
101 West Broadway, Suite 1700
San Diego, California 92101
(619) 233-4777

## JURISDICTION AND VENUE

19.    In response to the allegations of paragraph 19 of the SAC, Defendants admit the allegations contained therein.

20.    In response to the allegations of paragraph 20 of the SAC, Defendants admit the allegations contained therein.

21.    In response to the allegations of paragraph 21 of the SAC, Defendants admit the allegations contained therein on information and belief.

22.    In response to the allegations of paragraph 22 of the SAC, Defendants admit the allegations contained therein on information and belief.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Defendants' Initial Solicitation of Investment from Sand Dollar**

23.    In response to the allegations of paragraph 23 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

24.    In response to the allegations of paragraph 24 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

25.    In response to the allegations of paragraph 25 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

26.    In response to the allegations of paragraph 26 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

27.    In response to the allegations of paragraph 27 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

///

28.    In response to the allegations of paragraph 28 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

29.    In response to the allegations of paragraph 29 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

30.    In response to the allegations of paragraph 30 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

31.    In response to the allegations of paragraph 31 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

32.    In response to the allegations of paragraph 32 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

33.    In response to the allegations of paragraph 33 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

34.    In response to the allegations of paragraph 34 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

**B.    Defendants Make Express Representations Regarding Islet Sciences' Intellectual Property and Purpose of Investment Funding.**

35.    In response to the allegations of paragraph 35 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

///

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

36.    In response to the allegations of paragraph 36 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

37.    In response to the allegations of paragraph 37 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

38.    In response to the allegations of paragraph 38 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

39.    In response to the allegations of paragraph 39 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

40.    In response to the allegations of paragraph 40 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

41.    In response to the allegations of paragraph 41 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

42.    In response to the allegations of paragraph 42 of the SAC, Defendants admit that on April 20, 2010 Islet Sciences, Inc. did not exist as a corporate entity. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 42 and on that basis deny the allegations therein.

43.    In response to the allegations of paragraph 43 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

///

Butz Dunn DeSantis
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

44.   In response to the allegations of paragraph 44 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

45.   In response to the allegations of paragraph 45 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

## C.   Defendants Propose Investment Terms and Begin Formation of Islet Sciences.

46.   In response to the allegations of paragraph 46 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

47.   In response to the allegations of paragraph 47 of the SAC, Defendants admit the allegations contained therein.

48.   In response to the allegations of paragraph 48 of the SAC, Defendants admit that they did not inform Sand Dollar of the May 4 incorporation on May 4, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 48 and on that basis deny the allegations therein.

49.   In response to the allegations of paragraph 49 of the SAC, Defendants admit the allegations contained therein.

50.   In response to the allegations of paragraph 50 of the SAC, Defendants admit the allegations contained therein.

51.   In response to the allegations of paragraph 51 of the SAC, Defendants admit the allegations contained therein.

52.   In response to the allegations of paragraph 52 of the SAC, Defendants admit that Defendant Procopio was named as a Third Party Designee on the SS-4 Application for Employer Identification Number. Except as expressly admitted

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 52 and on that basis deny the allegations therein.

53.    In response to the allegations of paragraph 53 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

54.    In response to the allegations of paragraph 54 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

55.    In response to the allegations of paragraph 55 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

56.    In response to the allegations of paragraph 56 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

57.    In response to the allegations of paragraph 57 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

58.    In response to the allegations of paragraph 58 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

59.    In response to the allegations of paragraph 59 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

60.    In response to the allegations of paragraph 60 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

///

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

61.     In response to the allegations of paragraph 61 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

62.     In response to the allegations of paragraph 62 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

63.     In response to the allegations of paragraph 63 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

64.     In response to the allegations of paragraph 64 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

65.     In response to the allegations of paragraph 65 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

**D.     Sand Dollar Provides Investment Funds to Islet Sciences.**

66.     In response to the allegations of paragraph 66 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

67.     In response to the allegations of paragraph 67 of the SAC, Defendants admit the Promissory Note bears the date May 17, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 67 and on that basis deny the allegations therein.

68.     In response to the allegations of paragraph 68 of the SAC, Defendants admit that Section 5, subsection (a) of the Promissory Note provides as follows: "At any time Lender may convert this Note into capital stock of Borrower by providing Borrower with notice that Lender wishes to convert this Note (the "***Conversion Notice***"). Upon the date on which the Conversion Notice is received by the

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Borrower, this Note shall be converted into that number of shares of common stock of Borrower, par value $0.01 (the "***Conversion Shares***") as shall be equal to twenty five percent (25%) of the fully diluted Common shares held by the Company, rounded upward to the nearest whole number and adjusted for stock splits, stock dividends, combinations, recapitalizations or the like." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 68 and on that basis deny the allegations therein.

69.     In response to the allegations of paragraph 69 of the SAC, Defendants admit that Section 6 of the Promissory Note provides, in pertinent part, as follows: "The holder of this Note shall be entitled to elect one Board of Directors representative." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 69 and on that basis deny the allegations therein.

70.     In response to the allegations of paragraph 70 of the SAC, Defendants admit that the Promissory Note refers to John Steel's title as "Chairman, CEO". Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 70 and on that basis deny the allegations therein.

71.     In response to the allegations of paragraph 71 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

72.     In response to the allegations of paragraph 72 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

73.     In response to the allegations of paragraph 73 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

74.     In response to the allegations of paragraph 74 of the SAC, Defendants admit that $20,000.00 was wire transferred to Islet Sciences, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 74 and on that basis deny the allegations therein.

75.     In response to the allegations of paragraph 75 of the SAC, Defendants admit that $20,000.00 was deposited by Islet Sciences, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 75 and on that basis deny the allegations therein.

76.     In response to the allegations of paragraph 76 of the SAC, Defendants admit that $66,000.00 was wire transferred to Islet Sciences, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 76 and on that basis deny the allegations therein.

77.     In response to the allegations of paragraph 77 of the SAC, Defendants admit that $100,000.00 was wire transferred to Islet Sciences, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 77 and on that basis deny the allegations therein.

78.     In response to the allegations of paragraph 78 of the SAC, Defendants admit that $171,000.00 was wire transferred to Islet Sciences, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 78 and on that basis deny the allegations therein.

**E.     Defendants Enlist Sand Dollar's Assistance in Identifying and Purchasing a Shell Corporation Suitable for Reverse Merger.**

79.     In response to the allegations of paragraph 79 of the SAC, Defendants generally and specifically deny the allegations therein as to Defendant Kinkelaar. Defendants lack information or belief sufficient to enable them to answer the

allegations in paragraph 79 as to Defendants Steel and Rhodes and on that basis deny the allegations therein.

80. In response to the allegations of paragraph 80 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

81. In response to the allegations of paragraph 81 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

82. In response to the allegations of paragraph 82 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

83. In response to the allegations of paragraph 83 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

84. In response to the allegations of paragraph 84 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

85. In response to the allegations of paragraph 85 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

86. In response to the allegations of paragraph 86 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

87. In response to the allegations of paragraph 87 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

///

3:12-CV-02969 MMA (RBB)

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

88.    In response to the allegations of paragraph 88 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

89.    In response to the allegations of paragraph 89 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

90.    In response to the allegations of paragraph 90 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

91.    In response to the allegations of paragraph 91 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

92.    In response to the allegations of paragraph 92 of the SAC, Defendants admit that Defendant Steel rejected the use of Ventana Biotech, Inc. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 92 and on that basis deny the allegations therein.

**F.    Sand Dollar's Request for Accounting of Its Investment Funds.**

93.    In response to the allegations of paragraph 93 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

94.    In response to the allegations of paragraph 94 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

95.    In response to the allegations of paragraph 95 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

3:12-CV-02969 MMA (RBB)

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

96.    In response to the allegations of paragraph 96 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

97.    In response to the allegations of paragraph 97 of the SAC, Defendants generally and specifically deny the allegations therein as to Defendant Kinkelaar. Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 97 as to Defendant Steel and on that basis deny the allegations therein.

98.    In response to the allegations of paragraph 98 of the SAC, Defendants admit that on September 10, 2010, Sand Dollar sent Defendant Steel an email that said, in part, that Sand Dollar was at a "crossroad" with Islet Sciences and wanted "to give you one last opportunity to take the right road before this goes down a path that none of us want to go down but will be necessary if full disclosure is not made immediately." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 98 and on that basis deny the allegations therein.

99.    In response to the allegations of paragraph 99 of the SAC, Defendants admit that on September 10, 2010, Sand Dollar sent Defendant Steel an email that said, in part, that Sand Dollar's "repeated requests for detailed documentation of where the $357,000 (to date), has been spent, and your limited response, has at best, been very unprofessional." Defendants further admit that Sand Dollar's email of September 10, 2010 demanded "details" and "information" by September 13, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 99 and on that basis deny the allegations therein.

100.    In response to the allegations of paragraph 100 of the SAC, Defendants admit that Sand Dollar's email of September 10, 2010 demanded "details" and "information" by September 13, 2010. Except as expressly admitted herein,

Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 100 and on that basis deny the allegations therein.

101.  In response to the allegations of paragraph 101 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

**G.    Kinkelaar Amends the Certificate of Incorporation, Dilutes the    Stock, and Exchanges Stock for Assignment of Lakey's Intellectual Property Rights.**

102.  In response to the allegations of paragraph 102 of the SAC, Defendants admit that in response to John Steel's email of August 26, 2010, Kinkelaar sent an email to Steel that said, in part, "this shall confirm that I have received those assignments, and share issuance are pending. I am working on those, as we discussed." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 102 and on that basis deny the allegations therein.

103.  In response to the allegations of paragraph 103 of the SAC, Defendants admit that in response to John Steel's email of August 26, 2010, Kinkelaar sent an email to Steel that said, in part, "this shall confirm that I have received those assignments, and share issuance are pending. I am working on those, as we discussed." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 103 and on that basis deny the allegations therein.

104.  In response to the allegations of paragraph 104 of the SAC, Defendants admit the allegations contained therein.

105.  In response to the allegations of paragraph 105 of the SAC, Defendants admit the allegations contained therein.

106.  In response to the allegations of paragraph 106 of the SAC, Defendants admit that when Kinkelaar filed the Certificate of Amendment there had not been a

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

formal election of a Board of Directors. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 106 and on that basis deny the allegations therein.

107.   In response to the allegations of paragraph 107 of the SAC, Defendants generally and specifically deny Kinkelaar falsely certified that "[t]he Corporation has not received any payment for any of its stock." Defendants admit that the Certificate of Amendment did not reference the events of May 12, 2010 nor Kinkelaar's email of August 26, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 107 and on that basis deny the allegations therein.

108.   In response to the allegations of paragraph 108 of the SAC, Defendants admit the allegations contained therein.

109.   In response to the allegations of paragraph 109 of the SAC, Defendants admit the allegations contained therein.

110.   In response to the allegations of paragraph 110 of the SAC, Defendants admit that Exhibit A to the Lakey Assignment transferred Lakey's intellectual property rights to "in vitro maturation of porcine islets in an alginate capsule" and "novel islet maturation of media for islet maturation" to Islet Sciences, Inc. Defendants further admit that the Lakey Assignment was made in exchange for Two Million shares of Islet Sciences' common stock. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 110 and on that basis deny the allegations therein.

## H.    Sand Dollar Exercises Right to Convert to Stock and Designate Board Member.

111.   In response to the allegations of paragraph 111 of the SAC, Defendants admit that Sand Dollar purportedly executed a document titled "Notice of Exercise of Conversion Option," which bears the date of September 15, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

1    them to answer the allegations in paragraph 111 and on that basis deny the
2    allegations therein.

3         112.   In response to the allegations of paragraph 112 of the SAC, Defendants
4    admit the Notice provides, in part, "Pursuant to Section 5 of that certain Promissory
5    Note dated May 17, 2010 […] Lender hereby provides Borrower with notice that
6    Lender wishes to convert the Note (hereinafter the ("Conversion Notice") into
7    capital stock of the Borrower."   Except as expressly admitted herein, Defendants
8    lack information or belief sufficient to enable them to answer the allegations in
9    paragraph 112 and on that basis deny the allegations therein.

10        113.   In response to the allegations of paragraph 113 of the SAC, Defendants
11   admit the allegations contained therein.

12        114.   In response to the allegations of paragraph 114 of the SAC, Defendants
13   admit that the Promissory Note reads, in part: "Upon the date on which the
14   Conversion Notice is received by the Borrower, this Note shall be converted into that
15   number of shares of common stock of Borrower, par value $0.01 (the "***Conversion***
16   ***Shares***") as shall be equal to twenty five percent (25%) of the fully diluted Common
17   shares held by the Company". Except as expressly admitted herein, Defendants lack
18   information or belief sufficient to enable them to answer the allegations in paragraph
19   114 and on that basis deny the allegations therein.

20        115.   In response to the allegations of paragraph 115 of the SAC, Defendants
21   generally and specifically deny that as of September 16, 2010 Defendant Kinkelaar
22   was Islet Sciences' sole incorporator. Defendants further deny, generally and
23   specifically, that as of September 16, 2010 Islet Sciences, Inc. had no Board of
24   Directors. Defendants lack information or belief sufficient to enable them to answer
25   the remaining allegations in paragraph 115 and on that basis deny the allegations
26   therein.

27        116.   In response to the allegations of paragraph 116 of the SAC, Defendants
28   admit that the correspondence of September 16, 2010 reads, in part, as follows: "Be

advised that the lender hereby designates Danny E. Ford as director." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 116 and on that basis deny the allegations therein.

117.   In response to the allegations of paragraph 117 of the SAC, Defendants admit that the correspondence of September 16, 2010 requested "a shareholder ledger detailing the ownership of all shares in the company", "the names, addresses and phone number for the current board of directors" and "a copy of the Articles of Incorporation, By-laws and all Minutes of the Corporation through this date." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 117 and on that basis deny the allegations therein.

118.   In response to the allegations of paragraph 118 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

## I.   Defendants Thwart Sand Dollar's Rights to Convert to Stock, Obtain Board Representation and Obtain Documentation of Islet Sciences' Expenditures.

119.   In response to the allegations of paragraph 119 of the SAC, Defendants admit the allegations contained therein.

120.   In response to the allegations of paragraph 120 of the SAC, Defendants admit Smith was advised the records would be provided shortly. Defendants generally and specifically deny that Kinkelaar told Smith that Sand Dollar would not be guaranteed twenty five percent (25%) of Defendant Islet Sciences' common shares. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 120 and on that basis deny the allegations therein.

///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

121.    In response to the allegations of paragraph 121 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

122.    In response to the allegations of paragraph 122 of the SAC, Defendants generally and specifically deny the allegations therein as to Defendant Kinkelaar. Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 122 as to Defendant Steel and on that basis deny the allegations therein.

123.    In response to the allegations of paragraph 123 of the SAC, Defendants admit that on October 22, 2010, Kinkelaar received a document titled "Demand for Inspection of Corporate Books and Records." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 123 and on that basis deny the allegations therein.

124.    In response to the allegations of paragraph 124 of the SAC, Defendants generally and specifically deny that a date for inspection was included in the document titled "Demand for Inspection of Corporate Books and Records." Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 124 and on that basis deny the allegations therein.

125.    In response to the allegations of paragraph 125 of the SAC, Defendants admit the allegations contained therein.

126.    In response to the allegations of paragraph 126 of the SAC, Defendants admit the allegations contained therein.

127.    In response to the allegations of paragraph 127 of the SAC, Defendants admit that in the October 26, 2010 email to Smith, Kinkelaar stated, in part: "we need to verify that Sand Dollar Partners, LLC is an 'accredited investor' under the Securities rules before issuing them any shares". Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 127 and on that basis deny the allegations therein.

128.   In response to the allegations of paragraph 128 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part: "Sand Dollar Partners, LLC is not the holder of 25% of the common stock of Islet Sciences, Inc." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 128 and on that basis deny the allegations therein.

129.   In response to the allegations of paragraph 129 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part: "Sand Dollar Partners only loaned [$357,000] to Islet Sciences, and would thus be entitled to 17.85% of the Company's current shares". Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 129 and on that basis deny the allegations therein.

130.   In response to the allegations of paragraph 130 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part, that Sand Dollar "is not officially a shareholder of the Company" until Islet Sciences "can properly determine the exemption and issue the shares." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 130 and on that basis deny the allegations therein.

131.   In response to the allegations of paragraph 131 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

132.   In response to the allegations of paragraph 132 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part: "Danny D. Ford is not a member of the board of directors of the Company. If Sand Dollar Partners would have loaned the full $500,000 to the Company, it would have had the right to nominate a board member to the board of the Company."

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 132 and on that basis deny the allegations therein.

133.    In response to the allegations of paragraph 133 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part, that Sand Dollar "is not officially a shareholder of the Company" until Islet Sciences "can properly determine the exemption and issue the shares." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 133 and on that basis deny the allegations therein.

134.    In response to the allegations of paragraph 134 of the SAC, Defendants admit that in the October 29, 2010 correspondence to Smith, Kinkelaar stated, in part: "Once Sand Dollar becomes a shareholder of the Company, we will provide you with the corporate records to which a shareholder is entitled." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 134 and on that basis deny the allegations therein.

135.    In response to the allegations of paragraph 135 of the SAC, Defendants admit the allegations contained therein.

136.    In response to the allegations of paragraph 136 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

137.    In response to the allegations of paragraph 137 of the SAC, Defendants admit the allegations contained therein.

138.    In response to the allegations of paragraph 138 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

139.   In response to the allegations of paragraph 139 of the SAC, Defendants generally and specifically deny the allegations therein.

140.   In response to the allegations of paragraph 140 of the SAC, Defendants admit the allegations contained therein.

141.   In response to the allegations of paragraph 141 of the SAC, Defendants admit the allegations contained therein.

142.   In response to the allegations of paragraph 142 of the SAC, Defendants admit that on November 8, 2010, Jack Neubeck sent Kinkelaar an email that stated, in part: "the books do not reconcile and there is approximately $50,000 that is unaccounted for which hopefully can be cleared up with the additional information our CPA will be requesting." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 142 and on that basis deny the allegations therein.

143.   In response to the allegations of paragraph 143 of the SAC, Defendants admit that on November 8, 2010, Jack Neubeck sent Kinkelaar an email that stated, in part: "the books do not reconcile and there is approximately $50,000 that is unaccounted for which hopefully can be cleared up with the additional information our CPA will be requesting." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 143 and on that basis deny the allegations therein.

144.   In response to the allegations of paragraph 144 of the SAC, Defendants admit that on November 8, 2010, Jack Neubeck sent Kinkelaar an email that stated, in part: "More concerning to us are the $18,500 of our money, that was distributed to Dan Rhodes especially since John listened in on a conversation with Dan Ford and Dan Rhodes where Rhodes freely admitted to getting $8,500 from John Steel to 'hold him over'". Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 144 and on that basis deny the allegations therein.

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

145.   In response to the allegations of paragraph 145 of the SAC, Defendants admit the allegations contained therein.

146.   In response to the allegations of paragraph 146 of the SAC, Defendants admit the allegations contained therein.

147.   In response to the allegations of paragraph 147 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

**J.      Sand Dollar Attempts to Resolve Its Differences with Defendants.**

148.   In response to the allegations of paragraph 148 of the SAC, Defendants admit that Kinkelaar's email of November 16, 2010 states, in part: "Jack/John, per our conversation this morning, we concluded that Sand Dollar is willing to invest the additional $143,000 and get the additional shares and a board seat, and move forward for the benefit of the company in the big picture." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 148 and on that basis deny the allegations therein.

149.   In response to the allegations of paragraph 149 of the SAC, Defendants generally and specifically deny that Kinkelaar demanded an additional investment of $143,000. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 149 and on that basis deny the allegations therein.

150.   In response to the allegations of paragraph 150 of the SAC, Defendants admit that Kinkelaar's email of November 16, 2010 states, in part: "John, you asked to have until Monday to get us the money, and I was able to get the company to agree to that. So, Islet Sciences is willing to do this as long as we close this sale and get the funds by the end of the day on Monday, Nov. 22, 2010." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to

answer the allegations in paragraph 150 and on that basis deny the allegations therein.

151.   In response to the allegations of paragraph 151 of the SAC, Defendants admit the allegations contained therein.

152.   In response to the allegations of paragraph 152 of the SAC, Defendants admit that Smith's email of November 18, 2010 states, in part: "I am leaving the country tomorrow and have not had a chance to look at the agreement you sent." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 152 and on that basis deny the allegations therein.

153.   In response to the allegations of paragraph 153 of the SAC, Defendants admit that Smith's email of November 18, 2010 states, in part: "My clients are willing to discuss converting into cash the VNTA shell purchased for the benefit of Islet, and then providing the $143,000 to Islet. However, that is only going to happen if there is a clear path to bringing the company public within the near future." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 153 and on that basis deny the allegations therein.

154.   In response to the allegations of paragraph 154 of the SAC, Defendants admit that Smith's email of November 18, 2010 states, in part: "until there is a resolution of the issue of bringing this company public, our position is that the increase in authorized shares was not legal or [ ] valid". Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 154 and on that basis deny the allegations therein.

155.   In response to the allegations of paragraph 155 of the SAC, Defendants admit that Kinkelaar's email of November 19, 2010 states, in part: "John Hall asked that they have until Monday to get us the funds, and we agreed to that. We put the deal in the stock purchase agreement and sent it to you Tuesday. [¶] That offer to

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

sell your clients the stock at that valuation and give them a board seat will expire at the end of business on Monday, Nov. 22, 2010 if Procopio has not received the funds and a signed agreement by then." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 155 and on that basis deny the allegations therein.

156.   In response to the allegations of paragraph 156 of the SAC, Defendants admit Kinkelaar communicated with Smith and agreed to provide an outline for settling the difference between Sand Dollar and Defendants Steel and Islet Sciences. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 156 and on that basis deny the allegations therein.

157.   In response to the allegations of paragraph 157 of the SAC, Defendants admit the allegations contained therein.

158.   In response to the allegations of paragraph 158 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

159.   In response to the allegations of paragraph 159 of the SAC, Defendants admit the allegations contained therein.

**K.   Kinkelaar Fails to Respond to Sand Dollar's Request for Status Updates.**

160.   In response to the allegations of paragraph 160 of the SAC, Defendants admit the allegations contained therein.

161.   In response to the allegations of paragraph 161 of the SAC, Defendants admit Kinkelaar did not respond to Smith's email of April 19, 2011. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 161 and on that basis deny the allegations therein.

162.   In response to the allegations of paragraph 162 of the SAC, Defendants admit that Smith sent Kinkelaar an email on April 25, 2011 and an email on May 8,

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

2011. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 162 and on that basis deny the allegations therein.

163.    In response to the allegations of paragraph 163 of the SAC, Defendants admit that Smith sent an email to Kinkelaar dated May 8, 2011 that speaks for itself and contains, in part, some of the allegations in this paragraph. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 163 and on that basis deny the allegations therein.

164.    In response to the allegations of paragraph 164 of the SAC, Defendants admit the allegations contained therein.

165.    In response to the allegations of paragraph 165 of the SAC, Defendants admit that Kinkelaar called Smith on May 9, 2011. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 165 and on that basis deny the allegations therein.

166.    In response to the allegations of paragraph 166 of the SAC, Defendants admit the allegations contained therein.

167.    In response to the allegations of paragraph 167 of the SAC, Defendants admit the allegations contained therein.

168.    In response to the allegations of paragraph 168 of the SAC, Defendants admit the allegations contained therein.

**L.    Procopio Provides a "Stock Ledger," but Continues to Ignore Sand Dollar's Other Legitimate Requests for Information and Accounting.**

169.    In response to the allegations of paragraph 169 of the SAC, Defendants admit the allegations contained therein.

170.    In response to the allegations of paragraph 170 of the SAC, Defendants admit the allegations contained therein.

///

3:12-CV-02969 MMA (RBB)

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

171.   In response to the allegations of paragraph 171 of the SAC, Defendants admit that Smith's email of May 24, 2011 included excerpts from his email to Kinkelaar dated May 8, 2011. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 171 and on that basis deny the allegations therein.

172.   In response to the allegations of paragraph 172 of the SAC, Defendants admit the allegations contained therein.

173.   In response to the allegations of paragraph 173 of the SAC, Defendants admit the allegations contained therein.

174.   In response to the allegations of paragraph 174 of the SAC, Defendants admit the allegations contained therein.

175.   In response to the allegations of paragraph 175 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

176.   In response to the allegations of paragraph 176 of the SAC, Defendants admit that between May 4, 2010 and August 28, 2010 Kinkelaar was the sole incorporator of Islet Sciences. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 176 and on that basis generally and specifically deny the allegations therein.

177.   In response to the allegations of paragraph 177 of the SAC, Defendants admit the allegations contained therein.

## M.   Defendants' Representations Regarding Islet Sciences and its Intellectual Property Were False and/or Misleading.

178.   In response to the allegations of paragraph 178 of the SAC, Defendants admit that Kinkelaar told Hall and Neubeck that the assignments were in order. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 178 and on that basis deny the allegations therein.

3:12-CV-02969 MMA (RBB)

179.   In response to the allegations of paragraph 179 of the SAC, Defendants admit that Kinkelaar met with Neubeck and Hall on November 4, 2010. Defendants further admit that during that meeting, Kinkelaar confirmed his knowledge of the document termed the "handwritten Rhodes Assignment." Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 179 and on that basis deny the allegations therein.

180.   In response to the allegations of paragraph 180 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

181.   In response to the allegations of paragraph 181 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

182.   In response to the allegations of paragraph 182 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

183.   In response to the allegations of paragraph 183 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

184.   In response to the allegations of paragraph 184 of the SAC, Defendants generally and specifically deny the allegations therein as to Defendants Kinkelaar and Procopio. Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 184 as to Defendant Lakey and on that basis deny the allegations therein.

185.   In response to the allegations of paragraph 185 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

186.    In response to the allegations of paragraph 186 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

187.    In response to the allegations of paragraph 187 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

188.    In response to the allegations of paragraph 188 of the SAC, Defendants admit that they never had a discussion with Sand Dollar concerning the purchase and subsequent transfer of MicroIslet's intellectual property. Defendants generally and specifically deny they knew the transfer of said intellectual property could be called into question or nullified by the April 2009 sale of MicroIslet's intellectual property to Isletech. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 188 and on that basis deny the allegations therein.

**N.    Islet Sciences Goes "Public" Following Reverse Merger With Shell Corporation Originally Suggested by Sand Dollar.**

189.    In response to the allegations of paragraph 189 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

190.    In response to the allegations of paragraph 190 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

191.    In response to the allegations of paragraph 191 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

192.    In response to the allegations of paragraph 192 of the SAC, Defendants lack information or belief sufficient to enable them to answer said allegations and on that basis deny the allegations therein.

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

193.   In response to the allegations of paragraph 193 of the SAC, Defendants generally and specifically deny that Sand Dollar was guaranteed a seat on Islet Sciences' Board of Directors. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 193 and on that basis deny the allegations therein.

194.   In response to the allegations of paragraph 194 of the SAC, Defendants generally and specifically deny the allegations therein.

195.   In response to the allegations of paragraph 195 of the SAC, Defendants generally and specifically deny that Sand Dollar never received an accounting of its investment funds. Defendants further deny, generally and specifically, that Sand Dollar's investment funds have been misappropriated. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 195 and on that basis deny the allegations therein.

196.   In response to the allegations of paragraph 196 of the SAC, Defendants generally and specifically deny the allegations therein.

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### (Against Defendant Islet Sciences)

197.   In response to the allegations of paragraph 197 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 196, supra.

198.   In response to the allegations of paragraph 198 of the SAC, Defendants admit that Islet Sciences entered into a valid and enforceable Promissory Note bearing an execution date of May 17, 2010. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 198 and on that basis deny the allegations therein.

199.   In response to the allegations of paragraph 199 of the SAC, Defendants admit Sand Dollar provided Islet Sciences with $357,000. Defendants generally and specifically deny the remaining allegations in paragraph 199.

200.   In response to the allegations of paragraph 200 of the SAC, Defendants generally and specifically deny the allegations therein.

201.   In response to the allegations of paragraph 201 of the SAC, Defendants generally and specifically deny the allegations therein.

202.   In response to the allegations of paragraph 202 of the SAC, Defendants generally and specifically deny the allegations therein.

**SECOND CLAIM FOR RELIEF**
**Common Law Fraud**
**(Against All Defendants)**

203.   In response to the allegations of paragraph 203 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 202, supra.

204.   In response to the allegations of paragraph 204 of the SAC, Defendants generally and specifically deny the allegations therein.

205.   In response to the allegations of paragraph 205 of the SAC, Defendants generally and specifically deny the allegations therein.

206.   In response to the allegations of paragraph 206 of the SAC, Defendants generally and specifically deny the allegations therein.

207.   In response to the allegations of paragraph 207 of the SAC, Defendants generally and specifically deny that any defendants made any misrepresentations and/or omissions of material fact. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 207 and on that basis deny the allegations therein.

208.   In response to the allegations of paragraph 208 of the SAC, Defendants generally and specifically deny the allegations therein.

209.   In response to the allegations of paragraph 209 of the SAC, Defendants generally and specifically deny the allegations therein.

210.   In response to the allegations of paragraph 210 of the SAC, Defendants generally and specifically deny the allegations therein.

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

211.   In response to the allegations of paragraph 211 of the SAC, Defendants generally and specifically deny the allegations therein.

212.   In response to the allegations of paragraph 212 of the SAC, Defendants generally and specifically deny the allegations therein.

213.   In response to the allegations of paragraph 213 of the SAC, Defendants generally and specifically deny the allegations therein.

214.   In response to the allegations of paragraph 214 of the SAC, Defendants generally and specifically deny the allegations therein.

**THIRD CLAIM FOR RELIEF**
**Negligent Misrepresentation/Omission**
**(Against All Defendants)**

215.   In response to the allegations of paragraph 215 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 214, supra.

216.   In response to the allegations of paragraph 216 of the SAC, Defendants generally and specifically deny the allegations therein.

217.   In response to the allegations of paragraph 217 of the SAC, Defendants generally and specifically deny the allegations therein.

218.   In response to the allegations of paragraph 218 of the SAC, Defendants generally and specifically deny the allegations therein.

219.   In response to the allegations of paragraph 219 of the SAC, Defendants generally and specifically deny the allegations therein.

220.   In response to the allegations of paragraph 220 of the SAC, Defendants generally and specifically deny the allegations therein.

221.   In response to the allegations of paragraph 221 of the SAC, Defendants generally and specifically deny the allegations therein.

222.   In response to the allegations of paragraph 222 of the SAC, Defendants generally and specifically deny the allegations therein.

///

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

# FOURTH CLAIM FOR RELIEF
## Breach of Fiduciary Duty
## (Against Defendants Kinkelaar and Procopio)

223.   In response to the allegations of paragraph 223 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 222, supra.

224.   In response to the allegations of paragraph 224 of the SAC, Defendants admit that Kinkelaar was Islet Sciences sole incorporator from May 4, 2010 to August 28, 2010, on which date there was a formal election of a Board of Directors. Defendants generally and specifically deny that Kinkelaar was Islet Sciences' sole incorporator after August 28, 2010. Defendants lack information or belief sufficient to enable them to answer the remaining allegations in paragraph 224 and on that basis deny the allegations therein.

225.   In response to the allegations of paragraph 225 of the SAC, Defendants admit that if Delaware law is determined to be the applicable law, a trier of fact will determine if Kinkelaar owed duties to Sand Dollar. Except as expressly admitted herein, Defendants lack information or belief sufficient to enable them to answer the allegations in paragraph 225 and on that basis deny the allegations therein.

226.   In response to the allegations of paragraph 226 of the SAC, Defendants generally and specifically deny the allegations therein.

227.   In response to the allegations of paragraph 227 of the SAC, Defendants generally and specifically deny the allegations therein.

228.   In response to the allegations of paragraph 228 of the SAC, Defendants admit the allegations contained therein.

229.   In response to the allegations of paragraph 229 of the SAC, Defendants generally and specifically deny the allegations therein.

///

///

///

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

## FIFTH CLAIM FOR RELIEF
### Aiding and Abetting Breach of Fiduciary Duty
### (Against Defendants Steel, Rhodes and Lakey)

230.   In response to the allegations of paragraph 230 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 229, supra.

231.   In response to the allegations of paragraph 231 of the SAC, Defendants generally and specifically deny the allegations therein.

232.   In response to the allegations of paragraph 232 of the SAC, Defendants generally and specifically deny the allegations therein.

233.   In response to the allegations of paragraph 233 of the SAC, Defendants generally and specifically deny the allegations therein.

234.   In response to the allegations of paragraph 234 of the SAC, Defendants generally and specifically deny the allegations therein.

235.   In response to the allegations of paragraph 235 of the SAC, Defendants generally and specifically deny the allegations therein.

## SIXTH CLAIM FOR RELIEF
### Aiding and Abetting Fraud
### (Against Defendants Kinkelaar and Procopio)

236.   In response to the allegations of paragraph 236 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 235, supra.

237.   In response to the allegations of paragraph 237 of the SAC, Defendants generally and specifically deny the allegations therein.

238.   In response to the allegations of paragraph 238 of the SAC, Defendants generally and specifically deny the allegations therein.

239.   In response to the allegations of paragraph 239 of the SAC, Defendants generally and specifically deny the allegations therein.

240.   In response to the allegations of paragraph 240 of the SAC, Defendants generally and specifically deny the allegations therein.

241.   In response to the allegations of paragraph 241 of the SAC, Defendants generally and specifically deny the allegations therein.

## SEVENTH CLAIM FOR RELIEF
### Securities Fraud – California Corp. Code §§ 25401, 25501, 25504 and 25504.1
### (Against All Defendants)

242.   In response to the allegations of paragraph 242 of the SAC, Defendants reincorporate and allege their responses to paragraphs 1 – 241, supra.

243.   In response to the allegations of paragraph 243 of the SAC, Defendants generally and specifically deny the allegations therein.

244.   In response to the allegations of paragraph 244 of the SAC, Defendants generally and specifically deny the allegations therein.

245.   In response to the allegations of paragraph 245 of the SAC, Defendants generally and specifically deny the allegations therein.

246.   In response to the allegations of paragraph 246 of the SAC, Defendants generally and specifically deny the allegations therein.

247.   In response to the allegations of paragraph 247 of the SAC, Defendants generally and specifically deny the allegations therein.

248.   In response to the allegations of paragraph 248 of the SAC, Defendants generally and specifically deny the allegations therein.

249.   In response to the allegations of paragraph 249 of the SAC, Defendants generally and specifically deny the allegations therein.

250.   In response to the allegations of paragraph 250 of the SAC, Defendants generally and specifically deny the allegations therein.

///
///
///
///
///

3:12-CV-02969 MMA (RBB)

## EIGHTH CLAIM FOR RELIEF
### Unfair Business Practices – California Business & Professions Code § 17200 et seq.
### (Against All Defendants)

251.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

252.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

253.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

254.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

255.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

256.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

257.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

258.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

## NINTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against Defendants Islet Sciences and Steel)

259.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

260.   By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

///

3:12-CV-02969 MMA (RBB)

261.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

262.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

263.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

264.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

265.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

266.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

267.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

268.  By Order of the Court, this cause of action has been dismissed with prejudice and as a result no response is required.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defense without assuming the burden of proof on any such defenses where it would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The SAC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (No Control Person Liability)

Plaintiff cannot state a claim against Kinkelaar as an alleged control person liable to Plaintiff for any act or transaction of any other person or entity because Kinkelaar did not have day-to-day control of Islet Sciences while he was its sole

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

incorporator, did not control the actions or conduct of the other individually named defendants, and because Kinkelaar had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

### THIRD AFFIRMATIVE DEFENSE
### (No Reasonable Grounds to Know of Falsity)

Defendants are not liable to Plaintiff because any statement or omission alleged in the SAC, or any purported cause of action therein, to be materially false and misleading, if made in violation of law at all, was made in reliance on information provided by others which Defendants reasonably believed and as to which they lacked knowledge or a reasonable ground to believe that the matters were false or misleading.

### FOURTH AFFIRMATIVE DEFENSE
### (No Intent to Deceive or Induce Reliance)

Plaintiff cannot recover on the Second, Third, Sixth, and Seventh Causes of Action alleged in the SAC based on any alleged conduct or statements because the alleged conduct or statements was not done or were not made with the intent to deceive Plaintiff or induce Plaintiff's reliance thereon.

### FIFTH AFFIRMATIVE DEFENSE
### (No Justifiable Reliance)

The SAC, and each and every cause of action alleged therein, are barred because Plaintiff did not actually or justifiably rely on any of Defendants' alleged conduct or statements.

### SIXTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Because the Promissory Note which is at issue in the instant matter does not contain an anti-dilution provision, Plaintiff assumed the risk that Islet Sciences'

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

stock could be diluted, if it was subsequently diluted, and it is therefore barred from recovery against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence of Plaintiff and/or Its Agents)

If Plaintiff suffered or sustained any damage, injury, or loss, either as alleged in the SAC or at all, the same was directly and proximately caused by the negligence, fraud, recklessness, carelessness, fault and/or unlawful conduct of Plaintiff and/or its agents. Plaintiff's damages, if any, should be reduced in proportion to the amount of negligence and/or fault attributable to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
### (Negligence/Fault of Third Parties)

If Plaintiff suffered or sustained any damage, injury, or loss, either as asserted in the SAC or at all, the same was directly and proximately attributed to the negligence, fraud, recklessness, carelessness, fault and/or unlawful conduct of other parties and entities, whether or not parties to this action.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Plaintiff suffered or sustained any damage, injury, or loss, either as asserted in the SAC or at all, then such damage, injury, or loss was caused solely or in part by the failure of Plaintiff to take reasonable steps available to them to mitigate, alter, or lessen such losses, and to the extent any such losses proven by Plaintiff were caused by Plaintiff's own failure to take reasonable steps available to it to mitigate such losses, they are not recoverable against Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

The SAC, and each and every alleged cause of action therein, is barred by the doctrine of estoppel, by reason of Plaintiff's own acts, omissions, representations,

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

course of action, or those of its agents, employees or representatives, upon which Defendants relied to their detriment.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The SAC, and each and every alleged cause of action therein, is barred by the doctrine of unclean hands, in that Plaintiff has been guilty of inequitable conduct with respect to the matters alleged in the SAC, and such inequitable conduct shall absolutely bar Plaintiff's recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Duty)

Plaintiff's Fourth Cause of Action is barred because Defendants owned no legal duty, imposed by statue, contract, or otherwise, to Plaintiff. Specially, while Kinkelaar was serving as Islet Sciences' sole incorporator, Plaintiff was a creditor of Islet Sciences to whom no fiduciary duties were owed as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Agent's Immunity Rule)

Plaintiff's Sixth Cause of Action is barred pursuant to the Agents Immunity Rule. At all times relevant to the instant case and controversy, Defendants were corporate counsel for Sciences, acting at Sciences' direction, and not for their own benefit.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Punitive or Exemplary Damages)

The SAC fails to set forth any facts sufficient to state a claim for punitive or exemplary damages as against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

Defendants have not yet completed their investigation and discovery of all the facts and circumstances surrounding the subject matter of the SAC, and accordingly,

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

reserve their right to amend, modify and plead such further defense and take such other actions as necessary and proper for their defense upon complete of their investigation and study.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiff takes nothing by its Second Amended Complaint;

2. Defendants recover their costs of suited incurred herein; and

3. That the Court award such other relief as it deems proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

3:12-CV-02969 MMA (RBB)

1

## JURY DEMAND

2      Defendants Michael J. Kinkelaar and Procopio, Cory, Hargreaves & Savitch,

3    LLP hereby demand a trial by jury on all issues alleged in Plaintiff's Second

4    Amended Complaint so triable.

5    Dated:    May 28, 2013                          BUTZ DUNN & DESANTIS
                                                       A Professional Corporation
6
                                                     /s/ Douglas M. Butz
7                                             By: _____
                                                     Douglas M. Butz
8                                                    Attorneys for Defendants
                                                     Procopio Cory Hargreaves &
9                                                    Savitch LLP, Michael J.  Kinkelaar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

42