1   Michael L. Kirby (50895)
      mkirby@knlh.com
2   **KIRBY NOONAN LANCE & HOGE LLP**
    350 Tenth Avenue, Suite 1300
3   San Diego, California  92101-8700
    Telephone:   (619) 231-8666
    Facsimile:    (619) 231-9593
4
5   Lawrence A. Steckman (Pro Hac Vice)
      lsteckman@evw.com
6   **EATON & VAN WINKLE LLP**
    3 Park Avenue
7   New York, NY  10016
    Telephone:   (212) 779-9910
    Facsimile:    (212) 779-9928
8
9   Attorneys for Defendants Islet Sciences, Inc.,
    John Steel and Jonathan Lakey

10

11                  **UNITED STATES DISTRICT COURT**

12                  **SOUTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| SAND DOLLAR PARTNERS, L.L.C., an Arizona limited liability company, | Case No. 12 CV 02969 MMA (RRB) |
| Plaintiff, | **ANSWER OF DEFENDANTS ISLET SCIENCES, INC., JOHN STEEL AND JONATHAN LAKEY TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| ISLET SCIENCES, INC., a Delaware corporation; JOHN STEEL, an individual; Dan Rhodes, an individual; Jonathan Lakey, an individual; PROCOPIO, CORY, HARGREAVES, and SAVITCH, L.L.P., a California limited liability partnership; MICHAEL J. KINKELAAR, an individual; DOES 1-10, fictitious individuals; ABC Business Entities 1-10, fictitious business entities, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Islet Sciences, Inc. ("Islet Sciences"), John Steel ("Steel") and Jonathan Lakey ("Lakey") (collectively, "Defendants") answer the Plaintiff's Second Amended Complaint (the "SAC") as follows:

## PARTIES

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the SAC such that the allegations are deemed denied.

2.    Defendants admit the allegations in paragraph 2 of the SAC.

3.    Defendants admit the allegations in paragraph 3 of the SAC.

4.    Defendants Islet Sciences and Steel admit so much of paragraph 4 of the SAC as alleges that Defendant Steel is and was an officer, director, stockholder, employee and/or agent of Defendant Islet Sciences, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 4 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the SAC such that the allegations are deemed denied by him.

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the SAC such that the allegations are deemed denied.

6.    Defendants Islet Sciences and Steel admit so much of paragraph 6 of the SAC as alleges that Defendant Rhodes is a shareholder of Defendant Islet Sciences, deny that Defendant Rhodes is a Plaintiff in this action, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 6 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the SAC such that the allegations are deemed denied by him.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

7.     Defendant Lakey admits the allegations in paragraph 7 of the SAC. Defendants Islet Sciences and Steel lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the SAC such that the allegations are deemed denied by them.

8.     Defendants admit so much of paragraph 8 of the SAC as alleges that Defendant Lakey is and was an officer, director, stockholder, employee and/or agent of Defendant Islet Sciences, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 8 such that the allegations are deemed denied.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the SAC such that the allegations are deemed denied.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the SAC such that the allegations are deemed denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the SAC such that the allegations are deemed denied.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the SAC such that the allegations are deemed denied.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the SAC such that the allegations are deemed denied.

14.     Defendants Islet Sciences and Steel deny the allegations in paragraph 14 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

belief as to the truth of the allegations in paragraph 14 of the SAC such that the allegations are deemed denied by him.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the SAC such that the allegations are deemed denied.

16.    Defendant Lakey denies the allegations in paragraph 15 of the SAC. Defendants Islet Sciences and Steel lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the SAC such that the allegations are deemed denied by them.

17.    Defendants deny the allegations in paragraph 17 of the SAC.

18.    Defendants deny the allegations in paragraph 18 of the SAC.

## RESPONDING TO ALLEGATIONS UNDER HEADING ENTITLED "JURISDICTION AND VENUE"

19.    Defendants admit the allegations in paragraph 19 of the SAC.

20.    Defendants Islet Sciences and Steel admit the allegations in paragraph 20 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the SAC such that the allegations are deemed denied by him.

21.    Defendants Islet Sciences and Steel admit so much of paragraph 21 of the SAC as alleges that Defendant Islet Sciences is a Delaware corporation that transacted business and caused events to occur in California and Mr. Steel is a resident of the State of California, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 21 such that the allegations are deemed denied by them.  Defendant Lakey admits so much of said paragraph 21 as alleges that he is a resident of the State of California, and lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 21 such that the allegations are deemed denied by him.

22.    The allegations in paragraph 22 of the SAC call for a legal conclusion such that no response is required.  These Defendants reserve any rights they may have to contest venue or to seek a change of venue, and deny they committed any wrongful acts or omissions.

**RESPONDING TO ALLEGATIONS UNDER  HEADING ENTITLED "FACTS COMMON TO ALL CLAIMS FOR RELIEF"**

**A.    Responding to Allegations under Heading Entitled "Defendants' Initial Solicitation of Investment from Sand Dollar"**

23.    Defendants Islet Sciences and Steel admit the allegations in paragraph 23 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC such that the allegations are deemed denied by him.

24.    Defendants Islet Sciences and Steel admit the allegations in paragraph 24 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the SAC such that the allegations are deemed denied by him.

25.    Defendants Islet Sciences and Steel admit the allegations in paragraph 25 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the SAC such that the allegations are deemed denied by him.

26.    Defendants Islet Sciences and Steel deny the allegations in paragraph 26 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the SAC such that the allegations are deemed denied by him.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

27.    Defendants Islet Sciences and Steel admit so much of paragraph 27 of the SAC as alleges that on or about April 20, 2010 Defendant Steel discussed Mr. Lakey with Dan Ford and deny the remaining allegations in said paragraph 27. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the SAC such that the allegations are deemed denied by him.

28.    Defendants Islet Sciences and Steel admit so much of paragraph 28 of the SAC as alleges that on or about April 20, 2010 Defendant Steel discussed Mr. Lakey, Microislet and the prospects of an Investigational New Drug with Mr. Ford, and deny the remaining allegations in said paragraph 28. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the SAC such that the allegations are deemed denied by him.

29.    Defendants Islet Sciences and Steel deny the allegations in paragraph 29 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the SAC such that the allegations are deemed denied by him.

30.    Defendants Islet Sciences and Steel deny the allegations in paragraph 30 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the SAC such that the allegations are deemed denied by him.

31.    Defendants Islet Sciences and Steel deny the allegations in paragraph 31 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the SAC such that the allegations are deemed denied by him.

32.    Defendants Islet Sciences and Steel deny the allegations in paragraph 32 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 32 of the SAC such that the allegations are deemed denied by him.

33.     Defendants Islet Sciences and Steel admit the allegations in paragraph 33 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the SAC such that the allegations are deemed denied by him.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SAC such that the allegations are deemed denied (in the case of Defendants Islet Sciences and Steel, by reason of the fact that no date or date range is specified in such paragraph).

**B.    Responding to Allegations under Heading Entitled "Defendants Make Express Representations Regarding Islet Sciences' Intellectual Property and Purpose of Investment Funding."**

35.     Defendants Islet Sciences and Steel admit the allegations in paragraph 35 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the SAC such that the allegations are deemed denied by him.

36.     Defendants Islet Sciences and Steel admit so much of paragraph 36 of the SAC as alleges that the individuals referenced therein contributed information that appeared in the Executive Summary Overview and the PowerPoint referred to therein, and deny the remaining allegations in said paragraph.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the SAC such that the allegations are deemed denied by him.

37.     Defendants Islet Sciences and Steel deny the allegations in paragraph 37 of the SAC to the extent that they differ from the PowerPoint referred to in such paragraph and refer to that PowerPoint for the statements contained therein. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  truth of the allegations in paragraph 37 of the SAC such that the allegations are

2  deemed denied by him.

3      38.    Defendants Islet Sciences and Steel deny the allegations in paragraph 38

4  of the SAC to the extent that they differ from the PowerPoint referred to in such

5  paragraph and refer to that PowerPoint for the statements contained therein.

6  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

7  truth of the allegations in paragraph 38 of the SAC such that the allegations are

8  deemed denied by him.

9      39.    Defendants Islet Sciences and Steel deny the allegations in paragraph 39

10 of the SAC to the extent that they differ from the PowerPoint referred to in such

11 paragraph and refer to that PowerPoint for the statements contained therein.

12 Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

13 truth of the allegations in paragraph 39 of the SAC such that the allegations are

14 deemed denied by him.

15     40.    Defendants Islet Sciences and Steel deny the allegations in paragraph 40

16 of the SAC to the extent that they differ from the PowerPoint referred to in such

17 paragraph and refer to that PowerPoint for the statements contained therein.

18 Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

19 truth of the allegations in paragraph 40 of the SAC such that the allegations are

20 deemed denied by him.

21     41.    Defendants Islet Sciences and Steel admit so much of paragraph 41 of

22 the SAC as alleges that at some point in time Mr. Steel provided Dan Ford with

23 copies of communications from the National Institutes of Health, lack knowledge or

24 information sufficient to form a belief as to the truth of the remaining allegations in

25 said paragraph such that the allegations are deemed denied, and refer to the referenced

26 communications for the statements contained therein.  Defendant Lakey lacks

27

28

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the SAC such that the allegations are deemed denied by him.

42.    Defendants Islet Sciences and Steel admit so much of paragraph 42 of the SAC as alleges that Islet Sciences was not a corporation in April 2010, deny that Mr. Steel discussed the form of the business of Islet Sciences with Dan Ford in April 2010, and deny the remaining allegations in said paragraph 42. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the SAC such that the allegations are deemed denied by him.

43.    Defendants Islet Sciences and Steel admit so much of paragraph 43 of the SAC as alleges that Defendants solicited funds from Sand Dollar and presented Sand Dollar with information respecting plans for the business of Islet Sciences in April 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 43 such that the allegations are deemed denied. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the SAC such that the allegations are deemed denied by him.

44.    Defendants Islet Sciences and Steel admit so much of paragraph 44 of the SAC as alleges that Mr. Rhodes executed an assignment in or about May 2010, deny the allegations in said paragraph to the extent that they differ from the language in the referenced assignment, and refer to that assignment for the contents thereof. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the SAC such that the allegations are deemed denied by him.

45.    Defendants Islet Sciences and Steel deny so much of paragraph 45 of the SAC as alleges that Sand Dollar lacked knowledge of the Rhodes Assignment referred to therein, and lack knowledge or information sufficient to form a belief as to

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

the truth of the remaining allegations in paragraph 45 of the SAC such that the allegations are deemed denied by them. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the SAC such that the allegations are deemed denied by him.

**C.    Responding to Allegations under Heading Entitled "Defendants Propose Investment Terms and Begin Formation of Islet Sciences."**

46.    Defendants Islet Sciences and Steel admit the allegations in paragraph 46 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the SAC such that the allegations are deemed denied by him.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the SAC such that the allegations are deemed denied.

48.    Defendants Islet Sciences and Steel deny the allegations in paragraph 48 of the SAC.  Defendant Lakey admits so much of paragraph 48 of the SAC as alleges that he did not inform Sand Dollar of the incorporation of Islet Sciences on or about May 4, 2010, and lacks knowledge or information sufficient to form belief as to the truth of the remaining allegations in said paragraph 48 such that the allegations are deemed denied by him.

49.    Defendants Islet Sciences and Steel admit the allegations in paragraph 49 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the SAC such that the allegations are deemed denied by him.

50.    Defendants Islet Sciences and Steel admit the allegations in paragraph 50 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1   belief as to the truth of the allegations in paragraph 50 of the SAC such that the

2   allegations are deemed denied by him.

3        51.    Defendants lack knowledge or information sufficient to form a belief as

4   to the truth of the allegations in paragraph 51 of the SAC such that the allegations are

5   deemed denied.

6        52.    Defendants lack knowledge or information sufficient to form a belief as

7   to the truth of the allegations in paragraph 52 of the SAC such that the allegations are

8   deemed denied.

9        53.    Defendants Islet Sciences and Steel admit the allegations in paragraph 53

10  of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

11  belief as to the truth of the allegations in paragraph 53 of the SAC such that the

12  allegations are deemed denied by him.

13       54.    Defendants Islet Sciences and Steel deny the allegations in paragraph 54

14  of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

15  belief as to the truth of the allegations in paragraph 54 of the SAC such that the

16  allegations are deemed denied by him.

17       55.    Defendants admit the allegations in paragraph 55 of the SAC.

18       56.    Defendants Islet Sciences and Steel admit so much of paragraph 56 of

19  the SAC as alleges that the subject of clinical trials and plans for an Investigative New

20  Drug were discussed at a meeting on or about May 7, 2010, and deny the remaining

21  allegations in paragraph 56 of the SAC.  Defendant Lakey denies the allegations in

22  paragraph 56 of the SAC.

23       57.    Defendants Islet Sciences and Steel deny the allegations in paragraph 57

24  of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

25  belief as to the truth of the allegations in paragraph 57 of the SAC such that the

26  allegations are deemed denied by him.

27       58.    Defendants deny the allegations in paragraph 58 of the SAC.

28

**Kirby Noonan Lance & Hoge LLP**
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

59. Defendants Islet Sciences and Steel admit so much of paragraph 59 of the SAC as alleges that during a May 7, 2010 meeting Mr. Steel and Dan Ford discussed terms for an agreement to be executed by Islet Sciences in connection with a $500,000 loan to be made to Islet Sciences, including an option for Sand Dollar to convert such a loan into 25% of the common stock of Islet Sciences and entitling Sand Dollar to one seat on the Board of Islet Sciences in certain circumstances, and deny the remaining allegations in said paragraph 59. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the SAC such that the allegations are deemed denied by him.

60. Defendants Islet Sciences and Steel admit so much of paragraph 60 of the SAC as alleges that the subject of plans for taking the business of Islet Sciences public was discussed at a meeting on or about May 7, 2010, and denies the remaining allegations in said paragraph. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the SAC such that the allegations are deemed denied by him.

61. Defendants Islet Sciences and Steel deny the allegations in paragraph 61 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the SAC such that the allegations are deemed denied by him.

62. Defendants Islet Sciences and Steel admit so much of paragraph 62 of the SAC as alleges that a $500,000 loan to Islet Sciences could be converted into an investment with a right to a seat on the Board of Islet Sciences, and deny the remaining allegations in said paragraph 62. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the SAC such that the allegations are deemed denied by him.

63. Defendants Islet Sciences and Steel deny the allegations in paragraph 63 of the SAC and affirmatively state that at a meeting on May 7, 2010 Mr. Steel told

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Dan Ford that an arrangement could be made for a $500,000 loan to be made by Sand Dollar to Islet Sciences to be converted into 25% of the equity of Islet Sciences and a right to a seat on the Board of Islet Sciences. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the SAC such that the allegations are deemed denied by him.

64.    Defendants Islet Sciences and Steel admit so much of paragraph 64 of the SAC as alleges that Mr. Steel at some point sent communications regarding the National Institutes of Health to Dan Ford, and refer to such communications for their contents, and lack knowledge or information regarding the remaining allegations in said paragraph such that the allegations are deemed denied. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the SAC such that the allegations are deemed denied by him.

65.    Defendants Islet Sciences and Steel admit so much of paragraph 65 of the SAC as alleges that in or about May, 2010 Mr. Steel sent a proposed budget for Islet Sciences to Dan Ford, deny the remaining allegations of said paragraph to the extent that they differ from the statements in such proposed budget, and refer to such proposed budget for the contents thereof. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the SAC such that the allegations are deemed denied by him.

**D.    Responding to Allegations under Heading Entitled "Sand Dollar Provides Investment Funds to Islet Sciences."**

66.    Defendants Islet Sciences and Steel admit so much of paragraph 66 of the SAC as alleges that Sand Dollar agreed to advance funds to Islet Sciences in the form of a $500,000 loan, deny the remaining allegations of said paragraph 66, and repeat their responses to other paragraphs of the SAC concerning the "negotiations," "terms" and "representations" referred to in paragraph 66 of the SAC. Defendant

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP

350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  Lakey lacks knowledge or information sufficient to form a belief as to the truth of the
2  allegations in paragraph 66 of the SAC such that the allegations are deemed denied by
3  him.

4       67.     Defendants Islet Sciences and Steel admit the allegations in paragraph 67
5  of the SAC, and refer to the "Promissory Note" referred to in said paragraph for its
6  terms.  Defendant Lakey lacks knowledge or information sufficient to form a belief as
7  to the truth of the allegations in paragraph 67 of the SAC such that the allegations are
8  deemed denied by him.

9       68.     Defendants Islet Sciences and Steel deny the allegations in paragraph 68
10  of the SAC to the extent that they differ from the language of the Promissory Note
11  referred to therein, and refer to the Promissory Note itself for the terms thereof
12  respecting conversion of loaned funds to equity. Defendant Lakey lacks knowledge or
13  information sufficient to form a belief as to the truth of the allegations in paragraph 68
14  of the SAC such that the allegations are deemed denied by him.

15       69.     Defendants Islet Sciences and Steel deny the allegations in paragraph 69
16  of the SAC to the extent that they differ from the language of the Promissory Note
17  referred to therein, and refer to the Promissory Note itself for the terms thereof
18  respecting an Islet Sciences Board Seat.  Defendant Lakey lacks knowledge or
19  information sufficient to form a belief as to the truth of the allegations in paragraph 69
20  of the SAC such that the allegations are deemed denied by him.

21       70.     Defendants Islet Sciences and Steel admit so much of paragraph 70 of
22  the SAC as alleges that Defendant Steel signed the Promissory Note under the words
23  "Chairman and CEO" of Islet Sciences and deny the remaining allegations of said
24  paragraph 70.  Defendant Lakey lacks knowledge or information sufficient to form a
25  belief as to the truth of the allegations in paragraph 70 of the SAC such that the
26  allegations are deemed denied by him.

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

71.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the SAC such that the allegations are deemed denied.

72.      Defendants Islet Sciences and Steel deny the allegations in paragraph 72 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the SAC such that the allegations are deemed denied by him.

73.      Defendants Islet Sciences and Steel deny the allegations in paragraph 73 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the SAC such that the allegations are deemed denied by him.

74.      Defendants Islet Sciences and Steel admit so much of paragraph 74 of the SAC as alleges that a $20,000.00 transfer was made to Islet Sciences in or about May 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 74 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the SAC such that the allegations are deemed denied by him.

75.      Defendants Islet Sciences and Steel admit so much of paragraph 75 of the SAC as alleges that a $20,000.00 deposit was made into Islet Sciences' bank account in or about May 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 75 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the SAC such that the allegations are deemed denied by him.

76.      Defendants Islet Sciences and Steel admit so much of paragraph 76 of the SAC as alleges that a $66,000.00 deposit was made into Islet Sciences' bank

account in or about June 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 76 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the SAC such that the allegations are deemed denied by him.

77.     Defendants Islet Sciences and Steel admit so much of paragraph 77 of the SAC as alleges that a transfer of $100,000.00 was made into Islet Sciences' bank account in or about June 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 77 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the SAC such that the allegations are deemed denied by him.

78.     Defendants Islet Sciences and Steel admit so much of paragraph 78 of the SAC as alleges that a transfer of $171,000.00 was made into Islet Sciences' bank account in or about August, 2010, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 78 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the SAC such that the allegations are deemed denied by him.

**E.      Responding to Allegations under Heading Entitled "Defendants Enlist Sand Dollar's Assistance in Identifying and Purchasing a Shell Corporation Suitable for Reverse Merger."**

79.     Defendants Islet Sciences and Steel deny the allegations in paragraph 79 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the SAC such that the allegations are deemed denied by him.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

80.    Defendants Islet Sciences and Steel deny the allegations in paragraph 80 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the SAC such that the allegations are deemed denied by him.

81.    Defendants Islet Sciences and Steel deny the allegations in paragraph 81 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the SAC such that the allegations are deemed denied by him.

82.    Defendants Islet Sciences and Steel deny the allegations in paragraph 82 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the SAC such that the allegations are deemed denied by him.

83.    Defendants Islet Sciences and Steel deny the allegations in paragraph 83 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the SAC such that the allegations are deemed denied by him.

84.    Defendants Islet Sciences and Steel admit so much of paragraph 84 of the SAC as alleges that in or about June 2010 Jack Neubeck provided Mr. Steel with the name of lawyer Richard Lane, and deny the remaining allegations in said paragraph 84.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the SAC such that the allegations are deemed denied by him.

85.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the SAC such that the allegations are deemed denied.

86.    Defendants Islet Sciences and Steel deny the allegations in paragraph 86 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  belief as to the truth of the allegations in paragraph 86 of the SAC such that the

2  allegations are deemed denied by him.

3      87.    Defendants Islet Sciences and Steel admit so much of paragraph 87 of

4  the SAC as alleges that in or about June 2010 attorney Richard Lane sent a

5  communication to Mr. Steel, deny the remaining allegations of said paragraph 87 to

6  the extent that they differ from the language or content of the referenced

7  communication, and refer to the referenced communication itself for the language and

8  content thereof.  Defendant Lakey lacks knowledge or information sufficient to form

9  a belief as to the truth of the allegations in paragraph 87 of the SAC such that the

10  allegations are deemed denied by him.

11      88.    Defendants Islet Sciences and Steel admit so much of paragraph 88 of

12  the SAC as alleges that Mr. Steel did not provide information to Richard Lane in

13  response to a communication from Richard Lane in or about June 2010, refer to the

14  communication from Richard Lane referred to in such paragraph for its contents, and

15  lack knowledge or information sufficient to form a belief as to the truth of the

16  remaining allegations in said paragraph 88 such that the allegations are deemed

17  denied by them, and affirmatively state that on July 29, 2010, Dan Ford sent an email

18  to Steel which stated in part:  "If you get an email from Dick Lane, please disregard.

19  We fired him and asked for our stuff back …".  Defendant Lakey lacks knowledge or

20  information sufficient to form a belief as to the truth of the allegations in paragraph 88

21  of the SAC such that the allegations are deemed denied by him.

22      89.    Defendants Islet Sciences and Steel deny the allegations in paragraph 89

23  of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

24  belief as to the truth of the allegations in paragraph 89 of the SAC such that the

25  allegations are deemed denied by him.

26      90.    Defendants Islet Sciences and Steel deny the allegations in paragraph 90

27  of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a

28

1   belief as to the truth of the allegations in paragraph 90 of the SAC such that the

2   allegations are deemed denied by him.

3         91.    Defendants Islet Sciences and Steel admit so much of paragraph 91 of

4   the SAC as alleges that such a communication occurred, but deny any agreement was

5   proposed or reached.  Defendant Lakey lacks knowledge or information sufficient to

6   form a belief as to the truth of the allegations in paragraph 91 of the SAC such that

7   the allegations are deemed denied by him.

8         92.    Defendants Islet Sciences and Steel admit so much of paragraph 92 of

9   the SAC as alleges that Mr. Steel never agreed to use Ventana Biotech, Inc. as a

10  possible candidate for a merger with Islet Sciences, and lack knowledge or

11  information sufficient to form a belief as to the truth of the remaining allegations in

12  said paragraph such that the allegations are deemed denied by them.  Defendant

13  Lakey lacks knowledge or information sufficient to form a belief as to the truth of the

14  allegations in paragraph 92 of the SAC such that the allegations are deemed denied by

15  him.

16

17  **F.    Responding to Allegations under Heading Entitled "Sand Dollar's Request for Accounting of Its Investment Funds."**

18

19        93.    Defendants Islet Sciences and Steel admit the allegations in paragraph 93

20  of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations in paragraph 93 of the SAC such that the

22  allegations are deemed denied by him.

23        94.    Defendants Islet Sciences and Steel deny the allegations in paragraph 94

24  of the SAC and refer to the "Promissory Note" referred to in said paragraph for the

25  provisions thereof.  Defendant Lakey lacks knowledge or information sufficient to

26  form a belief as to the truth of the allegations in paragraph 94 of the SAC such that

27  the allegations are deemed denied by him.

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP

350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

1    95.    Defendants Islet Sciences and Steel admit so much of paragraph 95 of

2    the SAC as alleges that in or about July 2010, Mr. Steel provided Dan Ford with a

3    document containing expense and account information for Islet Sciences, deny the

4    remaining allegations in said paragraph 95 to the extent that they are inconsistent with

5    the document so provided, and refer to the referenced document itself for the content

6    thereof.  Defendant Lakey lacks knowledge or information sufficient to form a belief

7    as to the truth of the allegations in paragraph 95 of the SAC such that the allegations

8    are deemed denied by him.

9    96.    Defendants Islet Sciences and Steel admit so much of paragraph 96 of

10   the SAC as alleges that during July 2010 Sand dollar requested an accounting of

11   expenses and corporate records, and deny the remaining allegations in said paragraph.

12   Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

13   truth of the allegations in paragraph 96 of the SAC such that the allegations are

14   deemed denied by him.

15   97.    Defendants Islet Sciences and Steel admit so much of paragraph 97 of

16   the SAC as alleges that in or about August 2010 Jack Neubeck asked Mr. Steel for an

17   accounting and for books and records of Islet Sciences, and lack knowledge or

18   information sufficient to form a belief as to the truth of the remaining allegations in

19   said paragraph 97 such that the allegations are deemed denied.  Defendant Lakey

20   lacks knowledge or information sufficient to form a belief as to the truth of the

21   allegations in paragraph 97 of the SAC such that the allegations are deemed denied by

22   him.

23   98.    Defendants Islet Sciences and Steel admit so much of paragraph 98 of

24   the SAC as alleges that language quoted in said paragraph appeared in a

25   communication sent to Sand Dollar by Mr. Steel on or about September 10, 2010,

26   deny the remaining allegations in said paragraph to the extent that they are

27   inconsistent with that communication, and refer to the referenced communication

28

1   itself for the statements therein.  Defendant Lakey lacks knowledge or information

2   sufficient to form a belief as to the truth of the allegations in paragraph 98 of the SAC

3   such that the allegations are deemed denied by him.

4        99.    Defendants Islet Sciences and Steel admit so much of paragraph 99 of

5   the SAC as alleges that an email was sent to Mr. Steel on or about September 10,

6   2010 containing a request for documents, deny the allegations in said paragraph 99 to

7   the extent that they are inconsistent with that email, and refer to the referenced email

8   itself for the contents thereof.  Defendant Lakey lacks knowledge or information

9   sufficient to form a belief as to the truth of the allegations in paragraph 99 of the SAC

10  such that the allegations are deemed denied by him.

11       100.    Defendants Islet Sciences and Steel admit so much of paragraph 100 of

12  the SAC as alleges that an email sent to Mr. Steel on or about September 10, 2010

13  demanded information by September 13, 2010, deny the allegations in said

14  paragraph 100 to the extent that they are inconsistent with that email, and refer to the

15  referenced email itself for the content thereof.  Defendant Lakey lacks knowledge or

16  information sufficient to form a belief as to the truth of the allegations in

17  paragraph 100 of the SAC such that the allegations are deemed denied by him.

18       101.    Defendants Islet Sciences and Steel admit so much of paragraph 101 of

19  the SAC as alleges that language quoted in said paragraph appeared in a

20  communication sent to Sand Dollar by Mr. Steel on or about September 10, 2010,

21  deny the remaining allegations in said paragraph to the extent that they are

22  inconsistent with the that communication, and refer to the referenced communication

23  itself for the statements therein.  Defendant Lakey lacks knowledge or information

24  sufficient to form a belief as to the truth of the allegations in paragraph 101 of the

25  SAC such that the allegations are deemed denied by him.

26

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**G.    Responding to Allegations under Heading Entitled "Kinkelaar Amends the Certificate of Incorporation, Dilutes the Stock, and Exchanges Stock for Assignment of Lakey's Intellectual Property Rights."**

102.    Defendants Islet Sciences and Steel admit so much of paragraph 102 of the SAC as alleges that Mr. Steel received an electronic communication from Mr. Kinkelaar on or about August 26, 2010, and deny such allegations to the extent that they differ from or are inconsistent with the referenced communication.  Nothing in this response is intended to waive any privilege respecting communications between an attorney and client, and all such privileges are expressly preserved. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the SAC such that the allegations are deemed denied by him.

103.    Defendants Islet Sciences and Steel admit so much of paragraph 103 of the SAC as alleges that Mr. Steel received electronic communications from Mr. Kinkelaar in or about August 26, 2010, and deny such allegations to the extent that they differ from or are inconsistent with the referenced communication. Nothing in this response is intended to waive any privilege respecting communications between an attorney and client, and all such privileges are expressly preserved. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the SAC such that the allegations are deemed denied by him.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the SAC such that the allegations are deemed denied.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the SAC such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP

350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

106.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the SAC such that the allegations are deemed denied, and further affirmatively state that such allegations state a legal conclusion as to which no response is required.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the SAC such that the allegations are deemed denied, and further affirmatively state that such allegations state a legal conclusion as to which no response is required.

108.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the SAC such that the allegations are deemed denied, and further affirmatively state that such allegations state a legal conclusion as to which no response is required.

109.   Defendants admit the allegations in paragraph 109 of the SAC.

110.   Defendants admit the allegations in paragraph 110 of the SAC.

**H.     Responding to Allegations under Heading Entitled "Sand Dollar Exercises Right to Convert to Stock and Designate Board Member."**

111.   Defendants Islet Sciences and Steel admit so much of paragraph 111 of the SAC as alleges that Sand Dollar executed a document entitled "Notice of Exercise of Conversion Option" bearing the date September 15, 2010, and lack knowledge sufficient to form a belief as to the truth of the remaining allegations in said paragraph 111 such that the allegations are deemed denied. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the SAC such that the allegations are deemed denied by him.

112.   Defendants Islet Sciences and Steel admit so much of paragraph 112 of the SAC as alleges that the document referred to therein as a "Notice of Exercise of Conversion Option" made reference to Section 5 of the document entitled

1    "Promissory Note" dated May 17, 2010, deny the remaining allegations of such

2    paragraph 112, and affirmatively state that Sand Dollar had no right to convert its loan

3    to 25% of Islet Sciences stock at the time of the Notice referred to in paragraph 112.

4    Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

5    truth of the allegations in paragraph 112 of the SAC such that the allegations are

6    deemed denied by him.

7         113.   Defendants Islet Sciences and Steel admit so much of paragraph 113 of

8    the SAC as alleges that on September 16, 2010 Sand Dollar through Attorney Charles

9    Smith corresponded with Mr. Kinkelaar and included with such correspondence an

10   executed copy of a purported "Exercise of Conversion Option," deny the remaining

11   allegations of said paragraph 113, and affirmatively state that Sand Dollar had no

12   right to convert its loan to 25% of Islet Sciences stock at the time of the Notice

13   referred to in paragraph 113.  Defendant Lakey lacks knowledge or information

14   sufficient to form a belief as to the truth of the allegations in paragraph 113 of the

15   SAC such that the allegations are deemed denied by him.

16        114.   Defendants Islet Sciences and Steel admit so much of paragraph 114 of

17   the SAC as alleges that the "Promissory Note" referred to therein refers to a

18   conversion to stock under certain circumstances, deny the remaining allegations of

19   said paragraph 114 to the extent that they differ from or are inconsistent with the

20   referenced "Promissory Note," and affirmatively state that Sand Dollar had no right to

21   convert its loan to 25% of Islet Sciences stock at the time of the Notice referred to in

22   paragraph 114.  Defendant Lakey lacks knowledge or information sufficient to form a

23   belief as to the truth of the allegations in paragraph 114 of the SAC such that the

24   allegations are deemed denied by him.

25        115.   Defendants Islet Sciences and Steel deny the allegations in

26   paragraph 115 of the SAC.  Defendant Lakey lacks knowledge or information

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1   sufficient to form a belief as to the truth of the allegations in paragraph 115 of the

2   SAC such that the allegations are deemed denied by him.

3       116.    Defendants Islet Sciences and Steel admit so much of paragraph 116 of

4   the SAC as alleges that correspondence of September 16, 2010 referred to therein

5   states that Sand Dollar purported to designate Dan Ford to the Islet Sciences Board of

6   Directors, deny the remaining allegations of said paragraph 116, and affirmatively

7   state that Sand Dollar had no right to designate a member of the Board of Islet

8   Sciences at the time of the correspondence referred to in said paragraph 116.

9   Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations in paragraph 116 of the SAC such that the allegations are

11  deemed denied by him.

12      117.    Defendants Islet Sciences and Steel admit so much of paragraph 117 of

13  the SAC as alleges that September 16, 2010 correspondence referred to therein

14  requested certain corporate books and records, shareholder information and director

15  information for Islet Sciences, deny the remaining allegations of said paragraph 117

16  to the extent that they differ from the referenced correspondence, and refer the such

17  September 16, 2010 correspondence for the contents thereof. Defendant Lakey lacks

18  knowledge or information sufficient to form a belief as to the truth of the allegations

19  in paragraph 117 of the SAC such that the allegations are deemed denied by him.

20      118.    Defendants Islet Sciences and Steel deny the allegations in

21  paragraph 118 of the SAC.  Defendant Lakey lacks knowledge or information

22  sufficient to form a belief as to the truth of the allegations in paragraph 118 of the

23  SAC such that the allegations are deemed denied by him.

24

25

26

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**I.    Responding to Allegations under Heading Entitled "Defendants Thwart Sand Dollar's Rights to Convert to Stock, Obtain Board Representation and Obtain Documentation of Islet Sciences' Expenditures."**

119.    Defendants Islet Sciences and Steel admit so much of paragraph 119 of the SAC as alleges that Attorney Smith emailed Mr. Kinkelaar on or about September 29, 2010, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 119 such that the allegations are deemed denied, and refer to the referenced email for its contents.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the SAC such that the allegations are deemed denied by him.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the SAC such that the allegations are deemed denied.

121.    Defendants Islet Sciences and Steel admit so much of paragraph 121 of the SAC as alleges that Mr. Steel electronically corresponded with Sand Dollar on or about October 1, 2010, deny the remaining allegations of said paragraph to the extent that they differ from correspondence referred to in said paragraph 121, and refer to such correspondence for the contents thereof.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the SAC such that the allegations are deemed denied by him.

122.    Defendants Islet Sciences and Steel deny the allegations in paragraph 122 of the SAC concerning Mr. Steel, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 122 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the SAC such that the allegations are deemed denied by him.

123.    Defendants Islet Sciences and Steel admit so much of paragraph 123 of the SAC as alleges that on or about October 22, 2010 Sand Dollar sent an email to

Islet Sciences and Mr. Kinkelaar referring to a demand for inspection of books and records, refer to the referenced email for the contents thereof, and deny the remaining allegations in said paragraph 123. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the SAC such that the allegations are deemed denied by him.

124.    Defendants Islet Sciences and Steel deny the allegations in paragraph 124 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the SAC such that the allegations are deemed denied by him.

125.    Defendants Islet Sciences and Steel admit so much of paragraph 125 of the SAC as alleges that Attorney Smith electronically transmitted to Mr. Steel a purported demand, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 125 such that the allegations are deemed denied, and refer to the referenced document for the contents thereof. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the SAC such that the allegations are deemed denied by him.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the SAC such that the allegations are deemed denied.

127.    Defendants Islet Sciences and Steel admit so much of paragraph 127 of the SAC as alleges that Mr. Kinkelaar sent an email to Mr. Smith on or about October 26, 2010, deny the remaining allegations of said paragraph 127 to the extent that they are inconsistent with the referenced email, and refer to the referenced document for the contents thereof. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the SAC such that the allegations are deemed denied by him.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

128.   Defendants Islet Sciences and Steel admit so much of paragraph 128 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 128 to the extent that they differ from or are inconsistent with that correspondence, refer to the referenced correspondence for the contents thereof, and affirmatively state that Sand Dollar was not entitled to twenty five percent (25%) of Islet Science's common stock. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the SAC such that the allegations are deemed denied by him.

129.   Defendants Islet Sciences and Steel admit so much of paragraph 129 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 129 to the extent that they differ from or are inconsistent with that correspondence,  and refer to such correspondence for the contents thereof.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the SAC such that the allegations are deemed denied by him.

130.   Defendants Islet Sciences and Steel admit so much of paragraph 130 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 130 to the extent that they differ from or are inconsistent with that correspondence,  and refer to such correspondence for the contents thereof.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the SAC such that the allegations are deemed denied by him.

131.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the SAC such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

132.   Defendants Islet Sciences and Steel admit so much of paragraph 132 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 132 to the extent that they differ from or are inconsistent with that correspondence, refer to the referenced correspondence for the contents thereof, and affirmatively state that Islet Sciences and Mr. Steel have reviewed a letter from Mr. Kinkelaar to Mr. Smith dated October 29, 2010 which states "Sand Dollar Partners LLC is not the holder of 25% of the common stock of Islet Sciences, Inc."  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the SAC such that the allegations are deemed denied by him.

133.   Defendants Islet Sciences and Steel admit so much of paragraph 133 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 133 to the extent that they differ from or are inconsistent with that correspondence, and refer to the referenced correspondence for the contents thereof.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the SAC such that the allegations are deemed denied by him.

134.   Defendants Islet Sciences and Steel admit so much of paragraph 134 of the SAC as alleges that on or about October 29, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 134 to the extent that they differ from or are inconsistent with that correspondence, and affirmatively state that Islet Sciences and Mr. Steel have reviewed a letter from Mr. Kinkelaar to Mr. Smith dated October 29, 2010 which states "We…have already provided to you the Articles, Amended Articles and Bylaws of the corporation voluntarily…" Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the SAC such that the allegations are deemed denied by him.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

135.   Defendants Islet Sciences and Steel admit so much of paragraph 135 of the SAC as alleges that on or about November 4, 2010 Mr. Kinkelaar corresponded with Mr. Smith, deny the remaining allegations of said paragraph 135 to the extent that they differ from or are inconsistent with that correspondence, and affirmatively state on November 4, 2010 Mr. Kinkelaar and Procopio, Cory, Hargreaves and Savitch LLP were corporate counsel for Islet Sciences.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the SAC such that the allegations are deemed denied by him.

136.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the SAC such that the allegations are deemed denied.

137.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the SAC such that the allegations are deemed denied.

138.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the SAC such that the allegations are deemed denied.

139.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the SAC such that the allegations are deemed denied.

140.   Defendants Islet Sciences and Steel admit so much of paragraph 140 of the SAC as alleges that on or about November 8, 2010 Mr. Kinkelaar sent an email to Jack Neubeck, deny the remaining allegations of said paragraph 140 to the extent that they differ from or are inconsistent with that email, refer to that email for its contents, and affirmatively state that Islet Sciences and Mr. Steel have reviewed an email from Mr. Kinkelaar to Mr. Neubeck stating "Attached are the bank statements for Islet Sciences, Inc. that you requested.  Also attached is the Profit and Loss Statement….

1  and an attached Profit and Loss detail….” Defendant Lakey lacks knowledge or

2  information sufficient to form a belief as to the truth of the allegations in

3  paragraph 140 of the SAC such that the allegations are deemed denied by him.

4      141.   Defendants Islet Sciences and Steel admit so much of paragraph 141 of

5  the SAC as alleges that on or about November 8, 2010 Mr. Kinkelaar sent an email to

6  Jack Neubeck, deny the remaining allegations of said paragraph 141 to the extent that

7  they differ from or are inconsistent with that email, refer to that email for its contents,

8  and affirmatively state that Islet Sciences and Mr. Steel have reviewed an email from

9  Mr. Kinkelaar to Mr. Neubeck dated November 8, 2010 stating “Attached are the

10  bank statements for Islet Sciences, Inc. that you requested.  Also attached is the Profit

11  and Loss Statement…. and an attached Profit and Loss detail….” Defendant Lakey

12  lacks knowledge or information sufficient to form a belief as to the truth of the

13  allegations in paragraph 141 of the SAC such that the allegations are deemed denied

14  by him.

15      142.   Defendants lack knowledge or information sufficient to form a belief as

16  to the truth of the allegations in paragraph 142 of the SAC such that the allegations

17  are deemed denied.

18      143.   Defendants lack knowledge or information sufficient to form a belief as

19  to the truth of the allegations in paragraph 143 of the SAC such that the allegations

20  are deemed denied.

21      144.   Defendants lack knowledge or information sufficient to form a belief as

22  to the truth of the allegations in paragraph 144 of the SAC such that the allegations

23  are deemed denied.

24      145.   Defendants lack knowledge or information sufficient to form a belief as

25  to the truth of the allegations in paragraph 145 of the SAC such that the allegations

26  are deemed denied.

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

146.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the SAC such that the allegations are deemed denied.

147.   Defendants Islet Sciences and Steel deny the allegations in paragraph 147 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the SAC such that the allegations are deemed denied by him.

**J.    Responding to Allegations under Heading Entitled "Sand Dollar Attempts to Resolve Its Differences with Defendants."**

148.   Defendants Islet Sciences and Steel lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the SAC such that the allegations are deemed denied, and affirmatively state that they have reviewed an email from Mr. Kinkelaar to Mr. Neubeck dated November 16, 2010 which states "Jack/John, per our conversation this morning we concluded that Sand Dollar is willing to invest the additional $143,000 and get the additional shares and a board seat…" Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the SAC such that the allegations are deemed denied by him.

149.   Defendants Islet Sciences and Steel deny the allegations in paragraph 149 of the SAC. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the SAC such that the allegations are deemed denied by him.

150.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the SAC such that the allegations are deemed denied.

151.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the SAC such that the allegations are deemed denied.

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the SAC such that the allegations are deemed denied.

153.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the SAC such that the allegations are deemed denied.

154.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the SAC such that the allegations are deemed denied.

155.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the SAC such that the allegations are deemed denied.

156.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the SAC such that the allegations are deemed denied.

157.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the SAC such that the allegations are deemed denied.

158.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the SAC such that the allegations are deemed denied.

159.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the SAC such that the allegations

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

are deemed denied.

**K.    Responding to Allegations under Heading Entitled "Kinkelaar Fails to Respond to Sand Dollar's Request for Status Updates."**

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the SAC such that the allegations are deemed denied.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the SAC such that the allegations are deemed denied.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the SAC such that the allegations are deemed denied.

163.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the SAC such that the allegations are deemed denied.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the SAC such that the allegations are deemed denied.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the SAC such that the allegations are deemed denied.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the SAC such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

1   167.   Defendants lack knowledge or information sufficient to form a belief as

2   to the truth of the allegations in paragraph 167 of the SAC such that the allegations

3   are deemed denied.

4   168.   Defendants lack knowledge or information sufficient to form a belief as

5   to the truth of the allegations in paragraph 168 of the SAC such that the allegations

6   are deemed denied.

7

8   **L.   Responding to Allegations under Heading Entitled "Procopio Provides a 'Stock Ledger,' but Continues to Ignore Sand Dollar's Other Legitimate Requests for Information and Accounting."**

9

10   169.   Defendants lack knowledge or information sufficient to form a belief as

11   to the truth of the allegations in paragraph 169 of the SAC such that the allegations

12   are deemed denied.

13   170.   Defendants lack knowledge or information sufficient to form a belief as

14   to the truth of the allegations in paragraph 170 of the SAC such that the allegations

15   are deemed denied.

16   171.   Defendants lack knowledge or information sufficient to form a belief as

17   to the truth of the allegations in paragraph 171 of the SAC such that the allegations

18   are deemed denied.

19   172.   Defendants lack knowledge or information sufficient to form a belief as

20   to the truth of the allegations in paragraph 172 of the SAC such that the allegations

21   are deemed denied.

22   173.   Defendants Islet Sciences and Steel admit so much of paragraph 173 of

23   the SAC as alleges that a Stock Ledger for Islet Sciences as of June 1, 2011 exists,

24   deny the allegations of said paragraph 173 if and to the extent that they differ from the

25   referenced Stock Ledger, and respectfully refer to such Stock Ledger for its contents.

26   Defendant Lakey lacks knowledge or information sufficient to form a belief as to the

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

truth of the allegations in paragraph 174 of the SAC such that the allegations are deemed denied by him.

174.    Defendants Islet Sciences and Steel admit so much of paragraph 174 of the SAC as alleges that a Stock Ledger for Islet Sciences as of June 1, 2011 exists, deny the allegations of said paragraph 174 if and to the extent that they differ from the referenced Stock Ledger, and respectfully refer to such Stock Ledger for its contents. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the SAC such that the allegations are deemed denied by him.

175.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the SAC such that the allegations are deemed denied.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the SAC such that the allegations are deemed denied.

177.    Defendants Islet Sciences and Steel admit so much of paragraph 174 of the SAC as alleges that between May 4, 2010 and June, 2011, Defendants Kinkelaar and Procopio, Cory, Hargreaves, and Savitch, L.L.P. acted as legal counsel for Islet Sciences, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph 174 such that the allegations are deemed denied.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the SAC such that the allegations are deemed denied by him.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the SAC such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**M.    Responding to Allegations under Heading Entitled "Defendants' Representations Regarding Islet Sciences and its Intellectual Property Were False and/or Misleading."**

179.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the SAC such that the allegations are deemed denied.

180.    Defendants Islet Sciences and Steel lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 180 of the SAC that the "Microislet intellectual property" referred to in said paragraph "was, in fact, not owned by Islet Sciences, or by Defendant…. Rhodes," deny so much of paragraph 180 as alleges or suggests that any such intellectual property was every claimed to be owned by Mr. Steel, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph such that the allegations are deemed denied by them, and affirmatively state that Islet Sciences and Mr. Steel had no knowledge of any documents concerning a purported sale of Microislet intellectual property to anyone other than Mr. Rhodes and/or one Charles DuPont before 2012.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the SAC such that the allegations are deemed denied by him.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the SAC such that the allegations are deemed denied.  Defendants Islet Sciences and Steel further affirmatively state that Islet Sciences and Mr. Steel had no knowledge of any documents concerning a purported sale of Microislet intellectual property to anyone other than Mr. Rhodes and/or one Charles DuPont before 2012.

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the SAC such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

183.   Defendants Islet Sciences and Steel deny the allegations in paragraph 183 of the SAC respecting Mr. Steel, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph such that the allegations are deemed denied by them.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the SAC such that the allegations are deemed denied by him.

184.   Defendant Lakey denies the allegations in paragraph 184 of the SAC respecting himself, and lacks knowledge or information sufficient to form a belief as to the remaining allegations of said paragraph such that the allegations are deemed denied by him.  Defendants Islet Sciences and Steel  lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the SAC such that the allegations are deemed denied by them.

185.   Defendants Islet Sciences and Steel deny the allegations in paragraph 185 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the SAC such that the allegations are deemed denied by him.

186.   Defendants Islet Sciences and Steel deny the allegations in paragraph 186 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph such that the allegations are deemed denied by him.

187.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the SAC such that the allegations are deemed denied.

188.   Defendants Islet Sciences and Steel admit so much of paragraph 188 of the SAC as alleges that they did not discuss with Sand Dollar any purported sale of Microislet intellectual property to anyone other than Mr. Rhodes and/or one Charles

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1    DuPont, lack knowledge or information sufficient to form a belief as to the truth of

2    the remaining allegations in said paragraph 188, and affirmatively state that said

3    Defendants herein had no knowledge of any documents concerning a purported sale

4    of Microislet intellectual property to anyone other than Mr. Rhodes and/or Mr.

5    DuPont before 2012.   Defendant Lakey lacks knowledge or information sufficient to

6    form a belief as to the truth of the allegations in said paragraph such that the

7    allegations are deemed denied by him.

8
9    **N.    Responding to Allegations under Heading Entitled "Islet Sciences Goes 'Public' Following Reverse Merger With Shell Corporation Originally Suggested by Sand Dollar."**

10

11        189.   Defendants Islet Sciences and Steel admit the allegations in

12    paragraph 189 of the SAC.  Defendant Lakey lacks knowledge or information

13    sufficient to form a belief as to the truth of the allegations in paragraph 189 of the

14    SAC such that the allegations are deemed denied by him.

15        190.   Defendants Islet Sciences and Steel admit the allegations in

16    paragraph 190 of the SAC.  Defendant Lakey lacks knowledge or information

17    sufficient to form a belief as to the truth of the allegations in paragraph 190 of the

18    SAC such that the allegations are deemed denied by him.

19        191.   Defendants Islet Sciences and Steel admit so much of paragraph 191 of

20    the SAC as alleges that Islet Sciences engaged in a reverse merger transaction with

21    One E-Commerce Corporation and made filings with the SEC respecting that

22    transaction, deny the allegations in said paragraph 191 respecting SEC filings to the

23    extent that they differ from or are inconsistent with the actual SEC filings made by

24    Islet Sciences respecting a reverse merger transaction, and deny the remaining

25    allegations in said paragraph 191.  Defendant Lakey lacks knowledge or information

26    sufficient to form a belief as to the truth of the allegations in paragraph 191 of the

27    SAC such that the allegations are deemed denied by him.

28

192.   Defendants Islet Sciences and Steel deny the allegations in paragraph 192 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the SAC such that the allegations are deemed denied by him.

193.   Defendants Islet Sciences and Steel deny the allegations in paragraph 193 of the SAC, and affirmatively state that Sand Dollar was never guaranteed a seat on Islet Science's Board of directors. Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the SAC such that the allegations are deemed denied by him.

194.   Defendants Islet Sciences and Steel deny the allegations in paragraph 194 of the SAC.  Defendant Lakey lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the SAC such that the allegations are deemed denied by him.

195.   Defendants deny the allegations in paragraph 195 of the SAC.

196.   Defendants deny the allegations in paragraph 196 of the SAC.

**RESPONDING TO ALLEGATIONS UNDER HEADING ENTITLED "FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Against Defendant Islet Sciences)"**

197.   Defendant Islet Sciences responds to the allegations of paragraph 197 of the SAC by repeating and realleging its responses in paragraphs 1 through 196 above. Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

198.   Defendant Islet Sciences admits the allegations in paragraph 198 of the SAC, but affirmatively states that Plaintiff breached and failed to perform the parties' agreement, and Plaintiff has no right to the relief requested in connection with the parties' agreement, including by reason of the affirmative defenses recited below.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

199.   Defendant Islet Sciences denies the allegations in paragraph 199 of the SAC.  Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

200.   Defendant Islet Sciences denies the allegations in paragraph 200 of the SAC.  Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

201.   Defendant Islet Sciences denies the allegations in paragraph 201 of the SAC. Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

202.   Defendant Islet Sciences denies the allegations in paragraph 202 of the SAC.  Inasmuch as this cause of action is directed only to Islet Sciences, no response is required from the other Defendants herein.

### RESPONDING TO ALLEGATIONS UNDER HEADING ENTITLED "SECOND CLAIM FOR RELIEF Common Law Fraud (Against All Defendants)"

203.   Each Defendant responds to the allegations of paragraph 203 of the SAC by repeating and realleging their responses in paragraphs 1 through 202 above.

204.   Defendants deny the allegations in paragraph 204 of the SAC.

205.   Defendants deny the allegations in paragraph 205 of the SAC.

206.   Defendants deny the allegations in paragraph 206 of the SAC.

207.   Each Defendant denies the allegations in paragraph 207 of the SAC concerning themselves, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph 207, such that the allegations are deemed denied.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1    208.    Defendants deny the allegations in paragraph 208 of the SAC.

2    209.    Defendants deny the allegations in paragraph 209 of the SAC.

3    210.    Defendants deny the allegations in paragraph 210 of the SAC.

4    211.    Defendants deny the allegations in paragraph 211 of the SAC.

5    212.    Defendants deny the allegations in paragraph 212 of the SAC.

6    213.    Defendants deny the allegations in paragraph 213 of the SAC.

7    214.    Defendants deny the allegations in paragraph 214 of the SAC.

**RESPONDING TO ALLEGATIONS UNDER HEADING
ENTITLED "THIRD CLAIM FOR RELIEF
Negligent Misrepresentation/Omission
(Against All Defendants)"**

12    215.    Each Defendant responds to the allegations of paragraph 215 of the SAC

13    by repeating and realleging their responses in paragraphs 1 through 214 above.

14    216.    Defendants deny the allegations in paragraph 216 of the SAC.

15    217.    Defendants deny the allegations in paragraph 217 of the SAC.

16    218.    Defendants deny the allegations in paragraph 218 of the SAC.

17    219.    Defendants deny the allegations in paragraph 219 of the SAC.

18    220.    Defendants deny the allegations in paragraph 220 of the SAC.

19    221.    Defendants deny the allegations in paragraph 221 of the SAC.

20    222.    Defendants deny the allegations in paragraph 222 of the SAC.

**RESPONDING TO ALLEGATIONS UNDER HEADING
ENTITLED "FOURTH CLAIM FOR RELIEF
Breach of Fiduciary Duty
(Against Defendants Kinkelaar and Procopio)"**

25    223.    Each Defendant responds to the allegations of paragraph 223 of the SAC

26    by repeating and realleging their responses in paragraphs 1 through 222 above.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

224.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

225.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

226.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

227.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

228.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

229.   Inasmuch as this cause of action is directed only to others, no response is required from the Defendants herein.

### RESPONDING TO ALLEGATIONS UNDER HEADING ENTITLED "FIFTH CLAIM FOR RELIEF Aiding and Abetting Breach of Fiduciary Duty (Against Defendants Steel, Rhodes and Lakey)"

230.   Defendants Steel and Lakey responds to the allegations of paragraph 230 of the SAC by repeating and realleging their responses in paragraphs 1 through 229 above.  No response is required from the Defendant Islet Sciences.

231.   Defendants Steel and Lakey deny the allegations in paragraph 231 of the SAC.  No response is required from the Defendant Islet Sciences.

232.   Defendants Steel and Lakey deny the allegations in paragraph 232 of the SAC. No response is required from the Defendant Islet Sciences.

233.   Defendants Steel and Lakey deny the allegations in paragraph 233 of the SAC.  No response is required from the Defendant Islet Sciences.

234.   Defendants Steel and Lakey deny the allegations in paragraph 234 of the SAC.  No response is required from the Defendant Islet Sciences.

1    235.   Defendants Steel and Lakey deny the allegations in paragraph 235 of the

2 SAC.  No response is required from the Defendant Islet Sciences.

3

4    **RESPONDING TO ALLEGATIONS UNDER HEADING**
    **ENTITLED "SIXTH CLAIM FOR RELIEF**
    **Aiding and Abetting Fraud**

5    **(Against Defendants Kinkelaar and Procopio)"**

6

7    236.   Each Defendant responds to the allegations of paragraph 230 of the SAC

8 by repeating and realleging their responses in paragraphs 1 through 235 above.

9    237.   Inasmuch as this cause of action is directed only to others, no response is

10 required from the Defendants herein.

11    238.   Inasmuch as this cause of action is directed only to others, no response is

12 required from the Defendants herein.

13    239.   Inasmuch as this cause of action is directed only to others, no response is

14 required from the Defendants herein.

15    240.   Inasmuch as this cause of action is directed only to others, no response is

16 required from the Defendants herein.

17    241.   Inasmuch as this cause of action is directed only to others, no response is

18 required from the Defendants herein.

19

20    **RESPONDING TO ALLEGATIONS UNDER HEADING**
    **ENTITLED "SEVENTH CLAIM FOR RELIEF**
    **Securities Fraud – California Corp. Code §§ 25401,**

21    **25501, 25504 and 25504.1**
    **(Against All Defendants)"**

22

23    242.   Each Defendant responds to the allegations of paragraph 242 of the SAC

24 by repeating and realleging their responses in paragraphs 1 through 241 above.

25    243.   Defendants deny the allegations in paragraph 243 of the SAC.

26    244.   Defendants deny the allegations in paragraph 244 of the SAC.

27    245.   Defendants deny the allegations in paragraph 245 of the SAC.

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

1    246.    Defendants deny the allegations in paragraph 246 of the SAC.

2    247.    Defendants deny the allegations in paragraph 247 of the SAC.

3    248.    Defendants deny the allegations in paragraph 248 of the SAC.

4    249.    Defendants deny the allegations in paragraph 249 of the SAC.

5    250.    Defendants deny the allegations in paragraph 250 of the SAC.

**RESPONDING TO ALLEGATIONS UNDER HEADING
ENTITLED "EIGHTH CLAIM FOR RELIEF
Unfair Business Practices – California Business &
Professions Code § 17200 et seq.
(Against All  Defendants)"**

10    251.    Each Defendant responds to the allegations of paragraph 251 of the SAC
11   by repeating and realleging their responses in paragraphs 1 through 250 above.

12    252.    Inasmuch as this cause of action has been dismissed with prejudice no
13   response is required.

14    253.    Inasmuch as this cause of action has been dismissed with prejudice no
15   response is required.

16    254.    Inasmuch as this cause of action has been dismissed with prejudice no
17   response is required.

18    255.    Inasmuch as this cause of action has been dismissed with prejudice no
19   response is required.

20    256.    Inasmuch as this cause of action has been dismissed with prejudice no
21   response is required.

22    257.    Inasmuch as this cause of action has been dismissed with prejudice no
23   response is required.

24    258.    Inasmuch as this cause of action has been dismissed with prejudice no
25   response is required.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**RESPONDING TO ALLEGATIONS UNDER HEADING
ENTITLED "NINTH CLAIM FOR RELIEF
Unjust Enrichment
(Against Defendants Islet Sciences and Steel)"**

259.   Each Defendant responds to the allegations of paragraph 259 of the SAC by repeating and realleging their responses in paragraphs 1 through 258 above.

260.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

261.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

262.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

263.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

264.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

265.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

266.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

267.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

268.   Inasmuch as this cause of action has been dismissed with prejudice no response is required.

**AFFIRMATIVE DEFENSES**

As and for Affirmative Defenses to Plaintiff's SAC, Defendants herein state as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

269.   The SAC and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure of Conditions Precedent)**

270.   Plaintiff's claims must fail in whole or in part by reason of Plaintiff's failure to satisfy or comply with all conditions precedent under its contract with Islet Sciences.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Consideration)**

271.   Plaintiff's claims must fail in whole or in part by reason of the lack of consideration for agreements or obligations alleged by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Proximate Loss Causation)**

272.   Plaintiff's claims must fail in whole or in part because Plaintiff suffered no losses as a direct, proximate and foreseeable result of any conduct or statements of Defendants alleged by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Intent to Deceive or Induce Reliance)**

273.   Plaintiff's claims must fail in whole or in part because the conduct and statements alleged therein were not intended to deceive Plaintiff or to induce any reliance to Plaintiff's detriment.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

274.   Plaintiff's claims in the SAC are barred in whole or in part because Plaintiff did not actually or justifiably rely on any of Defendants' alleged conduct or statements.

## SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

275.   Plaintiff assumed the risk of the losses and injuries alleged.

## EIGHTH AFFIRMATIVE DEFENSE
### (Contributory Negligence of Plaintiff and/or Its Agents)

276.   Any damage or injury allegedly suffered by Plaintiff was directly and proximately caused, in whole or in part, by the negligence, fraud, recklessness, carelessness, unlawful conduct or fault of Plaintiff or its agents, and any liabilities to Plaintiff should be reduced or eliminated in proportion thereto.

## NINTH AFFIRMATIVE DEFENSE
### (Negligence/Fault of Third Parties)

277.   If Plaintiff suffered or sustained any damage or injury in respect of any matter alleged in the SAC, such damage or injury resulted from the negligence, fraud, recklessness, carelessness, fault and/or unlawful conduct of persons or entities other than these Defendants.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

278.   If Plaintiff suffered or sustained any damage or injury in respect of any matter alleged in the SAC, such damage or injury was caused, in whole or in part, by the failure of Plaintiff to take reasonable steps to mitigate, alter, or lessen such damages or injury, and any liabilities to Plaintiff should be reduced or eliminated in proportion to such failure.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

279.   Plaintiff's SAC, and all of the claims therein, are barred under the doctrine of estoppel, by reason of Plaintiff's own acts, omissions, representations, or course of action, or those of its agents, employees or representatives.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

280.   Plaintiff's SAC, and all of the claims therein, are barred under the doctrine of unclean hands, by reason of Plaintiff's own inequitable conduct with respect to the matters alleged in the SAC.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of any Punitive or Exemplary Damages)

281.   The SAC fails to plead facts sufficient to support Plaintiff's request for punitive or exemplary damages as against these Defendants or any of them.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

282.   Each of the claims in the SAC are barred by the applicable statutes of limitation.

### FIFTEENTH CAUSE OF ACTION
### (Waiver)

283.   Plaintiff has, by its conduct and that of its authorized agents, waived any claims for relief against Defendants.

### SIXTEENTH CAUSE OF ACTION
### (Additional Affirmative Defenses)

284.   Defendants reserve their right to amend, modify and plead any further affirmative defenses that may become known to them in the course of their further investigation and discovery of facts and circumstances surrounding the subject matter of the SAC, and to take such other actions as may be necessary and proper in the defense of the SAC.

### REQUEST FOR RELIEF

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff as follows:

1.     Dismissing the Second Amended Complaint in its entirety with prejudice;

2.     Decreeing that Plaintiff take nothing by way of the Second Amended Complaint;

3.     Granting to Defendants their costs, disbursements and reasonable attorneys' fees in this action; and

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1       4.      Granting to Defendants such other relief as the Court deems just and

2 proper.

3

4                              **JURY DEMAND**

5      Defendants Islet Sciences, Inc., John Steel and Jonathan Lakey hereby demand

6 a trial by jury on any triable issues concerning claims alleged in the Second Amended

7 Complaint.

8

9 DATED:  May 28, 2013               KIRBY NOONAN LANCE & HOGE LLP

10

11                         By:  /s/ *Michael L. Kirby*

12                             Michael L. Kirby

13                    EATON & VAN WINKLE LLP

14

15                         By:  /s/ *Lawrence A. Steckman*

16                             Lawrence A. Steckman

17                             Attorneys for Defendants

18                             Islet Sciences, Inc., John Steel and Jonathan Lakey

19

20

21

22

23

24

25

26

27

28

*Kirby Noonan Lance & Hoge LLP*
*350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700*

# PROOF OF SERVICE

*Sand Dollar v. Islet, et al.*
USDC Case No. 12 CV 02969 MMA (RRB)

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San Diego, California 92101-8700.

On May 28, 2013, at San Diego, California, I served the following document(s) described as **ANSWER OF DEFENDANTS ISLET SCIENCES, INC., JOHN STEEL AND JONATHAN LAKEY TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as stated on the attached service list, which reflects the address last given by each such addressee on any document filed in the action and served on this office.

## SEE ATTACHED SERVICE LIST

☒    **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

☒    **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the USDC, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒    **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 28, 2013, at San Diego, California.

/s/ *Michael L. Kirby*
Michael L. Kirby

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**SERVICE LIST**
**Sand Dollar v Islet**
**3:12-cv-02969 MMA (RRB)**

| | |
|---|---|
| Michael Rusing (PHV anticipated)<br>   mrusing@rllaz.com<br>Todd M. Hardy (223581)<br>   thardy@rllaz.com<br>RUSING LOPEZ & LIZARDI, PLLC<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>Ph: 520-792-4800<br>Fx:  520-529-4262 | Attorneys for Plaintiff<br>Sand Dollar Partners, LLC |
| Douglas M. Butz<br>   dbutz@butzdunn.com<br>BUTZ DUNN & DESANTIS, APC<br>101 West Broadway, Suite 1700<br>San Diego, CA  92101-8289<br>Ph: 619-233-4777<br>Fx: 619-231-0341 | Attorneys for Defendants<br>Procopio, Cory, Hargreaves & Savitch,<br>LLP, and Michael J. Kinkelaar |
| William J. Maledon<br>   wmaledon@omlaw.com<br>Geoffrey M.T. Stuff<br>   gsturr@omlaw.com<br>OSBORN MALEDON, P.A.<br>2929 North Central Ave., 21st Floor<br>Phoenix, AZ 85012-2793<br>Ph: 602-640-9000<br>Fx: 602-640-9050 | Attorneys for Defendants<br>Procopio, Cory, Hargreaves & Savitch,<br>LLP, Michael J. Kinkelaar and John C.<br>O'Neill |
| Bruce R. Heurlin<br>   bheurlin@hslazlaw.com<br>Catherine North Nounfodji<br>   chounfodji@hslazlaw.com<br>HEURLINE SHERLOCK LAIRD<br>1636 N. Swan Road, Suite 200<br>Tucson, AZ 85712-4096<br>Ph: 520-812-3526 | Attorneys for Defendants Islet Sciences,<br>Inc., John Steel and Jonathan Lakey |
| Lawrence A. Steckman (PHV)<br>   lsteckman@evw.com<br>EATON & VAN WINKLE LLP<br>3 Park Avenue<br>New York, NY 10016<br>Telephone: 646-821-9367<br>Facsimile:   212 779 9928 | Attorneys for Defendants Islet Sciences,<br>Inc., John Steel and Jonathan Lakey |

*Kirby Noonan Lance & Hoge LLP*
*350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700*